In re Petition of DANIEL FRANCIS DUNN.

No. 12128.
Decided September 22, 1971.
. 488 P.2d 902.

74

## MEMO OPINION

PER CURIAM:

Original proceeding.

This is a petition by Daniel Francis Dunn, an inmate of Montana State Prison, appearing pro se, seeking a writ of habeas corpus.

Petitioner Dunn was convicted of a felony, criminal sale of dangerous drugs, by a jury on November 17, 1969. The court ordered that imposition of sentence be suspended for a period of thirty months and further ordered that Dunn serve six months in the Silver Bow County jail, giving Dunn credit for time served since his arrest on September 15, 1969. The court went on to order that upon completion of the six month sentence Dunn was to be delivered to the local parole officer and that Dunn was to abide by such regulations as the Montana Parole Board might impose.

██ The court itself imposed the condition that petitioner was not to be found in the company of any persons under the age of eighteen years and that petitioner refrain from being in and around the vicinity of certain grade schools, junior high schools and high schools. The imposition of these latter conditions was within the discretion of the court as provided by section 95-2206, R.C.M.1947.

Petitioner complains that the parole and probation officer added to petitioner's probation rules that he be restricted to Silver Bow County, excluding the city of Butte.

██ While this Court takes notice that such a restriction would indeed severely limit the movements of the petitioner, it was not in violation of section 94-9830, R.C.M.1947. Section 94-9830 provides that conditions of parole are to be ordered by the State Board of Pardons.

The restriction complained of by the petitioner was not imposed by the parole officer as such, but was given by way of instructing Mr. Dunn as to what was required to comply with the conditions Judge Freebourn set in defining the imposition of his sentence. This, indeed, the parole officer was obligated to do under section 94-9829, R.C.M.1947.

██ Finally, petitioner contends that his arrest was illegal in that section 94-9831, R.C.M.1947, authorizes arrest for parole violation only upon the issuance of a warrant by a court, and that a court shall issue such a warrant upon receipt of a report of parole violation. Petitioner's attention is directed to sections 95-606 and 95-608, R.C.M.1947, which authorize arrest without a warrant by a peace officer when he believes on reasonable grounds that an offense has been committed.

Petitioner suffers some notoriety in his hometown and is known to peace officers therein due to his frequent contacts with them. On August 31, 1970, only two weeks before his arrest, Mr. Dunn was readvised of the conditions of his parole at a hearing in court based upon a parole violation committed in July of that year in the city of Livingston.

At the time of his arrest on September 15, 1970, he was in the city of Butte, in the vicinity of a junior high school, in the presence of a sixteen year old minor, and clearly in violation of the conditions of his parole.

The petition being found to be without merit is denied.