386 So.2d 46 (1980)
Sarah May WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
Betty Louise THOMAS, Appellant,
v.
State of Florida, Appellee.
Robert Henry THOMAS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 78-434 to 78-436.
District Court of Appeal of Florida, Fourth District.
July 23, 1980.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellants.
*47 Robert L. Shevin, Atty. Gen., Tallahassee, and Glenn H. Mitchell, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
In these consolidated appeals, appellants challenge a condition of their probation prohibiting sexual intercourse with individuals other than his or her lawfully married spouse, on grounds that it violates their fundamental constitutional rights and is not reasonably related to their past or future criminality. We agree as to the latter argument and strike the condition. The orders appealed are affirmed as modified.
Betty Louise Thomas pled guilty to forgery and Sarah May Wiggins pled guilty to uttering a forged instrument. Ms. Wiggins stole the check in question from the victim's mailbox, persuaded Ms. Thomas to forge the payee's name thereon, cashed the check at the bank, and shared the goods she purchased with the proceeds with Ms. Thomas. A jury convicted appellant, Robert Henry Thomas, of burglary of a structure. Mr. Thomas' probation report indicates that he broke into Hunt Brothers Grocery and stole a quantity of food, all of which was recovered.
None of the appellants were married, but each has several children: Betty Louise Thomas, four children; Sarah May Wiggins, two children; Robert Henry Thomas, three children, two of whom were Sarah May Wiggins'. Ms. Wiggins gave the need to obtain food for herself and her children as her reason for stealing the check. Ms. Thomas indicated that she participated in the crime because she was desperate for money. Similarly, Mr. Thomas stated he broke into the grocery store because he needed money. The court placed all three defendants on probation for five years, with several special conditions. Only the condition prohibiting sexual intercourse is challenged on appeal.
Appellants argue that they have a fundamental right of privacy entailing freedom of choice to engage in sexual intercourse.[1] They urge this right can be limited only when required by some compelling state interest. The State maintains the condition is reasonable and serves a useful rehabilitative purpose in that each of the appellants initially became involved in criminal activity in an effort to feed and care for their illegitimate children.
Under Florida law, constitutionally protected rights can be abridged by conditions of probation if they are reasonably related to the probationer's past or future criminality or to the rehabilitative purposes of probation. State v. Heath, 343 So.2d 13 (Fla. 1977); Coulson v. State, 342 So.2d 1042, 1043 (Fla. 4th DCA 1977); see also Institution of Judicial Administration, Standards Relating to Probation, Section 3.2(b) (1970). In Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977), the Second District Court of Appeal struck a probation condition prohibiting probationer from living with any member of the opposite sex as overbroad. Similarly, this court held a probation condition directing probationer to "rectify" his marital situation and make his child "legitimate" within one year to be beyond the trial court's authority. Michalow v. State, 362 So.2d 456 (Fla. 4th DCA 1978). More *48 on point, the Second District recently invalidated probation conditions prohibiting pregnancy and marriage without the trial court's consent because they did not clearly relate to probationer's underlying charge of child abuse and pertained to non-criminal conduct. Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979).
As the Rodriguez court stated:
In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. Id., 9.
While the trial court obviously intended to prevent the birth of additional children to alleviate additional financial pressure on appellants, the condition does not have that effect. Instead, it coerces appellants into marriage so they may lawfully engage in sex. The same, if not greater, financial pressures would result from legitimate children from a legitimate marriage. The condition, therefore, fails to meet the "reasonable relation" test since it (1) bears only a tangential relationship to the underlying crimes, (2) relates to conduct not itself criminal,[2] and (3) requires marriage and forbids extramarital sex, both of which are not reasonably related to curtailing appellant's necessity to steal.
Accordingly, we hold the condition prohibiting sex with individuals other than a lawfully married spouse invalid and strike these conditions from each of the probation orders appealed. The orders are otherwise affirmed as modified.
MODIFIED and AFFIRMED.
MOORE, J., concurs.
FARRINGTON, OTIS, Associate Judge, concurs specially, with opinion.
FARRINGTON, OTIS, Associate Judge, concurring specially.
It is apparent from the record in this case that at the time of sentencing the trial judge was of the opinion, as he advised each appellant, that extramarital sexual intercourse was illegal under Florida law. However, the import of the decision of the Florida Supreme Court in Purvis v. State, 377 So.2d 674 (Fla. 1979) which held the Florida fornication statute unconstitutional for the reasons indicated in note 2 of the foregoing opinion, which was decided after rendition of the probation order appealed from, is that extramarital sexual intercourse is not ipso facto illegal under Florida law unless engaged in under circumstances of licentiousness so as to run afoul of the prostitution statute, Section 796.07(1)(a), F.S. (1977) which in part defines prostitution as "licentious sexual intercourse without hire [except between husband and wife]."
I agree that the challenged probation condition bears only a tangential relationship to the underlying crimes and should be stricken as overbroad, since it prohibits all extramarital sexual intercourse by appellants during the probation period. If the prohibition had been limited to "licentious" extramarital sex it would have been valid as a prohibition against illegal activity.
NOTES
[1] In Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), which upheld a married couple's right to use contraceptives, and in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), which held that a woman has a right to choose to have an abortion, the U.S. Supreme Court determined that individuals have an implicit constitutional right to make certain decisions regarding the conduct of their personal lives even though the right is nowhere enumerated in the Constitution. See note, On Privacy: Constitutional Protection for Personal Liberty, 48 N.Y.U.L.Rev. 670, 671.

Both the United States Supreme Court and the Florida Supreme Court have so far declined determination of whether the right of privacy should be extended to prohibit state statutes prohibiting or regulating extramarital sex. In Carey v. Population Services International, 431 U.S. 678, 688, 97 S.Ct. 2010, 2018, 52 L.Ed.2d 675 (1977), note 5, it is stated:
"[T]he Court has not definitively answered the difficult question whether and to what extent the Constitution prohibits state statutes regulating [private consensual sexual] behavior among adults, .. ." and we do not purport to answer that question now.
[2] In the recent case of Purvis v. State, 377 So.2d 674 (Fla. 1979), the Florida Supreme Court struck down the Florida fornication statute (Section 798.03, Florida Statutes 1977)), as violative of constitutional guarantees of equal protection of the laws in that under the common law definition of fornication as "illicit sexual intercourse between either a married or an unmarried man and an unmarried woman" an impermissive gender based distinction was drawn between married women, who could not be punished under that statute for illicit sexual activity and married men, who could be. In that case the appellants attacked the fornication statute on the additional ground of unconstitutional violation of rights of privacy, but the court declined consideration of that ground.