389 So.2d 316 (1980)
Roy Charles RINER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-692.
District Court of Appeal of Florida, Second District.
October 17, 1980.
Jack O. Johnson, Public Defender, Bartow, and Judith L. James, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Riner appeals from his sentence of probation with the special condition that he pay restitution.
Riner's car struck a car occupied by Rafael Garcia, injuring Garcia. Riner then left the accident scene without stopping. The state charged Riner with leaving the scene of an accident involving an injury, in violation of Section 316.027, Florida Statutes (1977). Riner pled guilty and was placed on probation with the condition that he pay restitution to the victim in the amount of $4,626.95 for damages caused by the accident.
Riner was adjudicated guilty of the offense of leaving the scene of an accident. Section 948.03(1)(g), Florida Statutes (1977), provides that a trial judge may require, as a condition of probation, that a defendant make restitution for "damage or loss caused by his offense." See Fresneda v. State, 347 So.2d 1021 (Fla. 1977); DiOrio v. State, 359 So.2d 45 *317 (Fla. 2d DCA 1978). The trial court, in the instant case, imposed restitution for all damages resulting from the accident, not just those damages arising from the criminal act of leaving the scene. The imposition of this condition was therefore improper.
Consequently, the judgment of guilt is affirmed and the condition of probation requiring that Riner make restitution is stricken from the probation order.
OTT and DANAHY, JJ., concur.