414 So.2d 1135 (1982)
G.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. AH-253.
District Court of Appeal of Florida, First District.
June 8, 1982.
Michael Allen, Public Defender, and Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
McCORD, Judge.
G.H., a juvenile, appeals from the trial court's order directing him to pay $805.15 in *1136 restitution. We reverse and remand for further proceedings.
The facts are essentially undisputed. G.H. was initially arrested by the Gainesville police for the offense of criminal mischief. The juvenile complaint charged that he had driven his grandfather's truck into a carport support pole, causing $805.15 in damages to that structure. He was also subsequently charged by an amended petition with leaving the scene of an accident.
On September 3, 1981, G.H. appeared before the trial court and changed his previous plea of not guilty to a plea of no contest to leaving the scene of an accident. His attorney announced that the plea was the result of a negotiation by which the state had agreed to drop the criminal mischief count and another charge for reckless driving. The assistant state attorney present agreed that the defendant's counsel had accurately stated the agreement. Accordingly, the trial court accepted the plea and withheld adjudication until a dispositional report could be done.
Following the acceptance of the plea, the trial court announced that testimony on restitution was going to be received. The owner of the damaged property then testified that her carport had been damaged in the amount of $805.15. She also noted that she had paid the $100 deductible amount, and her insurance company had paid the rest.
Several weeks later, on October 1, 1981, the disposition hearing was held. The counselor from the Department of Health and Rehabilitative Services recommended that adjudication be withheld with the conditions that G.H. write a letter of apology to the victim, complete restitution, complete 30 hours of community work, surrender his driver's license until the sanctions were completed, and remain under supervision. Further testimony was then adduced from several witnesses regarding restitution.
Following the testimony, the trial court entertained arguments by both attorneys. G.H.'s counsel argued that since he had only pled guilty to leaving the scene of an accident, and not malicious mischief, the trial court had no basis upon which it could order restitution. These assertions were countered by the assistant state attorney, who noted:
Your Honor, it's my understanding at the plea negotiation that there would be a plea of leaving the scene of an accident with restitution to be determined by the court. I think if I understand (defense attorney) correctly, he's saying that there should be no restitution paid... to the (victims) and I believe that would be in direct contradiction to the plea agreement.
The court subsequently entered an order withholding adjudication and ordering restitution. This appeal ensued.
Ordinarily, we would be inclined to agree with the defendant's argument that restitution could not be predicated upon the charge of leaving the scene of an accident. Section 39.11(1)(g), Florida Statutes (1981), provides that the circuit court may, among other things, "order the child or parent to make restitution for the damage or loss caused by his offense in a reasonable amount or manner to be determined by the court." While this particular statutory provision does not appear to have been expressly construed, we have for guidance the decisions relating to the similarly worded counterpart for adult offenders, Section 775.089(1), Florida Statutes (1981), which allows a court to order a "defendant to make restitution to the aggrieved party for damage or loss caused by the defendant's offense, if the defendant is able or will be able to make such restitution." In a long line of cases, the Florida courts have held that a condition of restitution cannot require payment in excess of the amount of damage the criminal conduct caused the victim under the aegis of Section 775.089(1). See, e.g. Fresneda v. State, 347 So.2d 1021 (Fla. 1977). Similarly, since G.H. was convicted only of the crime of leaving the scene of an accident, an act from which no damages flow, we find that he may not be subjected to any requirement of restitution for damages caused by his act of colliding with the victim's carport. See Riner v. *1137 State, 389 So.2d 316 (Fla. 2nd DCA 1980). See also Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA 1981).
Our analysis does not end here. We note the State's argument that this point has been waived since the condition of restitution was part of a negotiated plea whereby the State agreed to drop the criminal mischief charge. If this is indeed true, defendant's argument would appear to be an impermissible "gotcha" maneuver. However, the record is rather ambiguous upon this point. Therefore, in an abundance of caution, we remand this cause for a determination by the trial court as to whether such a deal was, in fact, made. If it was, the condition of restitution shall stand. If the trial court finds that no such deal was made, the condition of restitution shall be stricken.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and BOOTH, J., concur.