420 So.2d 918 (1982)
Michael Ray HOWLAND, Appellant,
v.
STATE of Florida, Appellee.
No. AL-20.
District Court of Appeal of Florida, First District.
October 21, 1982.
*919 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Howland appeals the special conditions placed on his probation as well as the legality of his sentence.
Appellant stands convicted of the crime of negligent child abuse in violation of section 827.04(1), Fla. Stat. (1981). The trial court placed appellant on probation for a period of five years on the condition that he serve 364 days in prison. In addition, the court placed the following special conditions on appellant's probation which prohibited him from:
(1) having any contact with his child, who was the victim in this case;
(2) fathering any other children while on probation; and
(3) residing with any child under 16 years of age while on probation.
Appellant challenges the constitutionality of these conditions on the ground that the State has impermissibly restricted his fundamental rights to marriage, procreation, family relationships and child rearing without showing a compelling State interest in the restrictions. In addition, appellant contends that his placement on probation for a period of five years on the condition that he serve 364 days in prison exceeds the maximum sentence permitted by law.
We find two of the special conditions placed on appellant's probation to be valid and one to be invalid. Under Florida law, constitutionally protected rights can be abridged by conditions of probation if they are reasonably related to the probationer's past or future criminality or to the rehabilitative purposes of probation. Grubbs v. State, 373 So.2d 905 (Fla. 1979); Coulson v. State, 342 So.2d 1042 (Fla. 4th DCA 1977); Wiggins v. State, 386 So.2d 46 (Fla. 4th DCA 1980). In determining whether a condition of probation is reasonably related to rehabilitation, a condition is invalid if it bears no relationship to the crime for which the probationer was convicted, relates to conduct which is itself not criminal and requires or forbids conduct which is not reasonably related to future criminality. Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). In this case, appellant was convicted of the crime of negligent child abuse on his infant child. In view of the nature of this offense, we find that the conditions of probation prohibiting appellant from having contact with his child and from residing with a minor child under the age of 16 to be reasonably related to the crime of negligent child abuse and to appellant's future criminality. On that basis, we uphold the validity of those two conditions.
However, unlike the above conditions we find the condition prohibiting appellant from fathering a child to be invalid. Preliminarily, we note that this prohibition is ambiguous. The phrase "fathering a child" has several different connotations. Webster's Unabridged Dictionary, 3rd Edition, defines "fathering," in one sense of the word, to mean the act of making "oneself the father of: Beget," and, in another sense, the act of "looking after as a father might." It is clear that depending on the definition ascribed to the word "fathering," the prohibition in this case could mean that appellant is prohibited from begetting a child or, in the alternative, it could mean that appellant is only prohibited from parenting a child or caring for a child as a father might. Inasmuch as the record does not reveal the meaning which the trial court intended to ascribe to the term "fathering," we have assumed for the purposes of this appeal that the prohibition was intended to prevent appellant from begetting a child. We find that the condition of probation prohibiting appellant from fathering a child does not reasonably relate to *920 the crime of child abuse and relates to noncriminal conduct. Moreover, we find that although this condition of probation could reasonably relate to future criminality  i.e., child abuse  it could do so only if appellant had custody of the child or was permitted to have contact with the child. In this case, however, those possibilities have already been foreclosed, since appellant is prohibited from having contact with his child or from residing with minor children under the age of 16 by the other valid conditions of probation. See, Rodriguez, supra. Based on the above findings, we hold that the condition of probation prohibiting appellant from fathering a child is invalid and therefore vacate that condition from the conditions placed on appellant's probation. See, Burchell v. State, 419 So.2d 358 (Fla. 2d DCA 1982).
Concerning the legality of appellant's sentence, appellant contends and the State concedes that the sentence is illegal. The maximum term of imprisonment for appellant's crime is five years. See, section 775.082(3)(d), Fla. Stat. (1981). Although the trial judge is authorized to sentence a defendant to a period of incarceration followed by a period of probation, the combined periods at the time of the original sentence cannot exceed the maximum period of incarceration provided by statute for the offense charged. State v. Holmes, 360 So.2d 380 (Fla. 1978). Since the written judgment and sentence in this case reflect a period of incarceration of 364 days followed by a period of probation of five years, the combined periods of incarceration and probation clearly exceed the maximum period of incarceration provided by statute. For that reason, we find appellant's sentence to be illegal and, therefore, reverse his sentence and remand the matter to the trial court for resentencing.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.