438 So.2d 998 (1983)
Wayne YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1090.
District Court of Appeal of Florida, Second District.
October 12, 1983.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
*999 SCHEB, Judge.
The state charged Wayne Young with carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1981). The trial court denied his motion to suppress the firearm. Young then pled nolo contendere reserving the right to appeal such denial. See Brown v. State, 376 So.2d 382 (Fla. 1979). The trial court withheld adjudication and placed him on probation for two years. Young now challenges the court's denial of his motion to suppress and the imposition of a special probation condition which forbade him from living with a member of the opposite sex who is not a relative without permission of his probation officer.
We find no merit to Young's contention that the court erred in denying his motion to suppress. We also reject his contention that the imposition of a special probation condition was improper. This latter contention, however, bears further comment.
When the trial court placed Young on probation, it imposed the standard terms and conditions enumerated in section 948.03(1), Florida Statutes (1981). Additionally, pursuant to section 948.03(3), the court imposed four special conditions of probation. Young made no objection to any of the conditions in the trial court, but, as noted, he now contends that the condition which forbade him from living with a member of the opposite sex who is not a relative without permission of his probation officer should be stricken. He argues that the condition bears no relation to the crime charged and cites Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979), and Wilkinson v. State, 388 So.2d 1322 (Fla. 5th DCA 1980).
At the outset, we note that the Fifth District has receded from Wilkinson and has held that any appeal attacking the validity of a special condition of probation must be from an adverse ruling after a defendant's objection in the trial court. Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA), petition for review denied, 419 So.2d 1195 (Fla. 1982).
We have previously recognized that a probationer cannot object to a condition of probation for the first time at a revocation hearing unless the trial court was without jurisdiction to impose probation. Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983); Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977). Likewise, conditions of probation requiring the probationer to make restitution must generally be challenged in the trial court before the issue may be raised on appeal. Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981). See also Seymour v. State, 432 So.2d 770 (Fla. 2d DCA 1983).
In some instances, however, we have ruled on a defendant's challenge to probation conditions raised for the first time on appeal. In Rodriguez we held that certain special conditions of probation which prohibited marriage and pregnancy violated fundamental constitutional rights of the probationer, and we instructed the trial court to strike those conditions. See Burchell v. State, 419 So.2d 358 (Fla. 2d DCA 1982). Likewise, in Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977), we found that a condition stipulating that a probationer not live with a person of the opposite sex was unconstitutionally overbroad because it prevented the probationer from living with his mother or any other female relative. We directed that the probation order be modified to allow petitioner to live with a female relative.
Even fundamental constitutional rights may be restricted by conditions of probation; however, such restrictions are subject to careful review. At a minimum, probationers should be entitled to those rights which would be guaranteed to prisoners and parolees. See United States v. Consuelo-Gonzalez, 521 F.2d 259 (9th Cir.1975). See also United States v. Tonry, 605 F.2d 144, 148 (5th Cir.1979); Howland v. State, 420 So.2d 918 (Fla. 1st DCA 1982); Wiggins v. State, 386 So.2d 46 (Fla. 4th DCA 1980). Here, Young's fundamental rights were not proscribed as in Rodriguez. Nor does the condition exceed the bounds we approved in Mays.
*1000 As noted, Young made no objection to imposition of the conditions of his probation. When conditions of probation are eliminated on appeal, the trial court cannot reweigh whether probation would have been granted without such conditions. To now allow Young to raise on appeal the propriety of the special condition to which he now objects without having first objected in the trial court would frustrate the trial judge's formulation of an order designed to accomplish the goal of probation as a viable alternative to incarceration. The trial court performed its obligation by including conditions of probation it deemed necessary to rehabilitate the probationer and to serve society in general. In granting probation the court should be able to assume that when the defendant makes no objection that he or she accepts the terms and conditions imposed. After all, probation is generally a matter of "judicial grace."
In order to challenge on appeal the terms and conditions of probation, we hold that a defendant must state of record any objections at the time that probation is imposed. Of course, where the trial court lacks jurisdiction to impose probation, or another fundamental error occurs, then no objection of record is required. See Rodriguez and Mays.
Accordingly, we affirm defendant's judgment and sentence.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.