473 So.2d 291 (1985)
Joseph D. McPike, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2563.
District Court of Appeal of Florida, Second District.
August 2, 1985.
*292 C. Ray McDaniel, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Joseph D. McPike, appeals from the judgments and sentences entered against him for twenty-two counts of grand theft. We find that the trial court erred in imposing a special condition of probation upon appellant, but affirm because appellant failed to make a contemporaneous objection to the condition at sentencing.
Appellant, a licensed physician, was charged with, and convicted of, twenty-two counts of grand theft. The charges arose out of appellant's employment as Medical Director at Polk General Hospital and not directly from the practice of medicine. Appellant's combined sentences consisted of three years in state prison followed by ten years of probation.
The presentence investigation revealed that in 1970 appellant was admitted to a hospital because of an embolism in one of his lungs. While hospitalized he became addicted to demerol that had been administered to him for pain. Appellant was treated for this condition and the record does not reflect any drug abuse since that time. Based upon this information, the court found there existed a suggestion of drug abuse. It then imposed a condition of probation prohibiting appellant from prescribing medicine to others and, unless prescribed by another doctor, from administering medicine to himself. The court also required appellant to make restitution in the amount of $40,199 and to pay costs in the amount of $9461.28. This appeal timely followed.
We find no error in the court's order requiring appellant to make restitution and to pay costs. We find, however, that the condition prohibiting appellant from writing medical prescriptions while on probation is improper because it is not reasonably related to appellant's rehabilitation and does not provide a standard of conduct essential to protection of the public. See Grubbs v. State, 373 So.2d 905 (Fla. 1979); Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). The condition has no relationship to the crime of grand theft, and, as long as appellant is licensed to practice and to prescribe medicine, such acts are not in themselves criminal and are not reasonably related to future criminality. See Rodriguez. If appellant's right to effectively engage in his profession is to be taken away from him while on probation, it should be done by the Board of Medical Examiners pursuant to chapter 458, Florida Statutes (1983). The statute provides an adequate safeguard for protecting the public through a well-defined procedure for determining whether the appellant should be allowed to prescribe medicine. There is no reason why that procedure should not be utilized in this case. See United States v. Pastore, 537 F.2d 675 (2nd Cir.1976).
Normally, we would remand this case for correction of the error, but we are precluded from doing so here because appellant failed to make a contemporaneous objection to the condition in the trial court. Young v. State, 438 So.2d 998 (Fla. 2d DCA 1983). No objection of record is required where the trial court lacks jurisdiction to impose probation or where another fundamental error occurs, Young, but we do not find that this case fits those exceptions. Although the condition impacts upon a fundamental, constitutional right, i.e., the right to earn one's livelihood by any lawful calling, Booth v. Illinois, 184 U.S. 425, *293 22 S.Ct. 425, 46 L.Ed. 623 (1902); Allgeyer v. Louisiana, 165 U.S. 578, 17 S.Ct. 427, 41 L.Ed. 832 (1897), the condition does not abrogate this right and an attack on grounds of overbreadth is not appropriate under the facts of this case. We, therefore, must affirm.
AFFIRMED.
CAMPBELL, A.C.J., and LEHAN, J., concur.