SANDERLIN, Judge.
Appellant pled nolo contendere to three counts of handling and fondling a child under the age of fourteen years and one count of a lewd and lascivious act in the presence of a child under the age of fourteen years. We affirm but remand for clarification and correction of the judgment and sentence.
For the three counts of handling and fondling a child, appellant was sentenced to concurrent terms of seven years in prison. Appellant received a fifteen-year term of probation for the charge of a lewd and lascivious act, to run consecutively with the prison term. As a special condition of probation, the written order of probation states, “(9) You shall have no contact with any children without prior approval.”
Appellant maintains that the trial court intended to prohibit him from seeing the victims of the crimes in this case, not all children. We find the court’s oral pronouncement of the special condition to be ambiguous. Because we are uncertain of the trial court’s intent, we deem it appropriate to remand for clarification of the special condition of probation. We note, without deciding, that there may be constitutional ramifications in the trial court’s special condition as it is presently framed. We seriously doubt that the trial court intended to expose the appellant to revocation of probation in the happenstance where, for example, he may simply encounter a child when walking down the street.
We further point out that an apparent scrivener’s error appears in the judgment of guilt. That document erroneously identifies count four as the crime of a lewd and lascivious act. Count four of the information charged appellant with handling and fondling a child. On remand, the court should correct this error.
AFFIRMED and REMANDED for clarification of the sentence and correction of the judgment.
RYDER, C.J., and FRANK, J„ concur.