505 So.2d 478 (1987)
Roxanne WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2855.
District Court of Appeal of Florida, Second District.
March 9, 1987.
Rehearing Denied April 21, 1987.
*479 Dale Gardner Jacobs, of Jacobs & Valentine, P.A., Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Appellant challenges the trial court's denial of her motion for verdict of acquittal, and a condition of probation which required her to pay restitution. We affirm in part and reverse in part.
Appellant was charged with and, following a bench trial, was found guilty of leaving the scene of an accident involving personal injuries, in violation of section 316.027, Florida Statutes (1985). On appeal, she claims that there was insufficient evidence from which the trial court could conclude that she had the mental capacity to "willfully" leave the scene of an accident. See § 316.027(2), Fla. Stat. (1985). After reviewing the record, we conclude that there is sufficient evidence to support the trial court's rejection of appellant's affirmative defense of intoxication. Accordingly, we affirm appellant's conviction for leaving the scene of an accident involving personal injuries. See Martin v. State, 323 So.2d 666 (Fla. 3d DCA 1975).
Appellant also challenges a condition of her probation which required her to pay restitution to her employer or her insurance company, if the insurance company reduced its claim to a judgment and notified the court. She contends that this condition has no relation to her crime, nor was there evidence that any damage occurred or flowed from the conduct for which she was convicted, i.e., leaving the scene of an accident. See Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Riner v. State, 389 So.2d 316 (Fla. 2d DCA 1980).
In Fresneda, the defendant left the scene of an accident involving three automobiles, one of which was his. He was charged with leaving the scene of an accident involving personal injuries. As a condition of his probation, the trial court required him to pay $1,600 to the occupants of one of the automobiles, who were injured in the accident. Our supreme court *480 found the condition of restitution was not authorized in that case, reasoning:
There is no basis in the record for distinguishing between injuries sustained in either of the collisions from aggravation of those injuries attributable to such delay, if any, in securing medical attention as the appellant may have caused.
... Of course, the figure in the present case presumably bears some relationship to the accident out of which the prosecution arose, but it is not clear what the relationship to appellant's offense is.
347 So.2d at 1022. Accordingly, the supreme court held: "[A] condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim." Id.
The state argues that the supreme court's subsequent decision in J.S.H. v. State, 472 So.2d 737 (Fla. 1985), demonstrates that Fresneda and Riner unduly limited the restitution provisions of section 948.03(1)(e), Florida Statutes (1985). In J.S.H. the juvenile defendant was charged with second degree grand theft. The trial court withheld adjudication, placed the defendant on community control, and ordered him to pay restitution to the victim for damages he had done to the victim's boat in the course of the theft. This court affirmed, reasoning that the offense bore a significant relationship to the victim's damages. J.S.H. v. State, 455 So.2d 1143 (Fla. 2d DCA 1984).
On certified conflict with a decision in another district court, the supreme court affirmed our decision in J.S.H., reasoning:
The damages were the result of the theft as they resulted directly from petitioner's actions which were necessary to perpetrate his crime. The hole in the boat's bottom resulted from a seat being removed from the boat, and all the wires were cut in order to facilitate the theft of engine parts. These actions were undertaken so that items could be stolen and were necessary for the theft to occur. Without these acts of destruction, some items simply could not have been stolen. It is not necessary that the offense charged describe the damage done in order to support a restitution order but only that the damage bear a significant relationship to the convicted offense.

472 So.2d at 738 (Emphasis added). See also Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985) (condition of defendant's probation which required him to pay restitution to victim for injuries sustained in automobile accident affirmed on basis of J.S.H. under facts similar to present case).
It may appear, at first blush, that J.S.H. warrants affirmance of the restitution condition in the present case, as the fifth district found in Bowling. We, however, find that the state's reliance on J.S.H. is misplaced. The restitution ordered in the present case could be construed to include not only damages resulting from appellant's criminal conduct of leaving the scene of an accident involving personal injuries, but also damages arising from the accident itself. Consistent with both J.S.H. and Fresneda, we find that the latter construction would bear "some relationship," but not a "significant relationship" to the crime for which appellant was convicted. See also Barnes v. State, 489 So.2d 1182 (Fla. 2d DCA 1986). Accordingly, we hold that the trial court erred in ordering the condition of restitution under these facts. We disagree with the fifth district's holding to the contrary in Bowling, and note conflict.
Although we hold that the condition of restitution in this case was error, our review of the record reveals that appellant failed to preserve this error by objection to the condition in the trial court. As such, we are precluded from reviewing the condition unless the trial court (1) lacked jurisdiction to impose probation or (2) where another fundamental error occurs. McPike v. State, 473 So.2d 291 (Fla. 2d DCA 1985); Young v. State, 438 So.2d 998 (Fla. 2d DCA 1983).
In McPike the defendant, a licensed physician, was convicted of grand theft. A condition of the defendant's probation prohibited him from writing medical prescriptions while on probation. We found this *481 condition improper because it was not reasonably related to the defendant's rehabilitation and did not provide a standard of conduct essential to protection of the public. 473 So.2d at 292. Nevertheless, we affirmed the condition because the defendant failed to object in the trial court and because:
[a]lthough the condition impacts upon a fundamental, constitutional right, i.e., the right to earn one's livelihood by any lawful calling, [citations omitted] the condition does not abrogate this right and an attack on grounds of overbreadth is not appropriate under the facts of this case.
Id. at 292-293.
In Young the probationer was convicted of carrying a concealed firearm. The trial court withheld adjudication, placed him on probation for two years, and imposed four special conditions of the probation. The probationer made no objection to any of the conditions, but on appeal challenged a condition which forbade him from living with a member of the opposite sex who was not a relative without the permission of his probation officer. In affirming the special condition, this court reasoned:
In some instances, ... we have ruled on a defendant's challenge to probation conditions raised for the first time on appeal. In [Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979),] we held that certain special conditions of probation which prohibited marriage and pregnancy violated fundamental constitutional rights of the probationer, and we instructed the trial court to strike those conditions. See Burchell v. State, 419 So.2d 358 (Fla. 2d DCA 1982). Likewise, in Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977), we found that a condition stipulating that a probationer not live with a person of the opposite sex was unconstitutionally overbroad because it prevented the probationer from living with his mother or any other female relative. We directed that the probation order be modified to allow petitioner to live with a female relative.
Even fundamental constitutional rights may be restricted by conditions of probation; however, such restrictions are subject to careful review. At a minimum, probationers should be entitled to those rights which would be guaranteed to prisoners and parolees. See United States v. Consuelo-Gonzalez, 521 F.2d 259 (9th Cir.1975). See also United States v. Tonry, 605 F.2d 144, 148 (5th Cir.1979); Howland v. State, 420 So.2d 918 (Fla. 1st DCA 1982); Wiggins v. State, 386 So.2d 46 (Fla. 4th DCA 1980). Here, Young's fundamental rights were not proscribed as in Rodriguez. Nor does the condition exceed the bounds we approved in Mays.

438 So.2d at 999.
The restitution condition in the present case, unlike those conditions of probation in McPike, Young, and the cases cited therein, could be construed to require appellant to pay for all damages arising from the accident, not only those which flowed from her crime of leaving the scene.
Although no Florida court has specifically addressed the rationale for proscribing restitution for damages not flowing from the criminal conduct for which a probationer is convicted, courts in other jurisdictions have found that to require such would deprive the probationer of due process. See Commonwealth v. Cooper, 319 Pa.Super. 351, 466 A.2d 195 (1983); State v. Reese, 124 Ariz. 212, 603 P.2d 104 (Ariz. Ct. App. 1979); People v. Richards, 17 Cal.3d 614, 131 Cal. Rptr. 537, 552 P.2d 97 (1976); People v. Becker, 349 Mich. 476, 84 N.W.2d 833 (1957).
In Reese the probationer was convicted of burglarizing a law office. As a condition of probation, the trial court ordered the probationer to make restitution in the amount of $3,427.38, $1,500 of which was earmarked for the burglary of the law office. The balance was to reimburse the victims of dismissed charges and additional crimes not charged by the state. In setting aside the restitution order, the Arizona appellate court opined:
Under our system it would be untenable to incarcerate or impose a fine upon a defendant without an adjudication of guilt in accordance with due process of *482 law. Although restitution to a victim of crime is not a criminal punishment exacted by the state, it must nevertheless rest upon due process of law. Therefore, it is equally untenable to impose a requirement of restitution upon a defendant whose responsibility for the crime has neither been admitted nor established in accordance with due process. The requirement that a defendant make restitution under such circumstances would reduce our system of justice to a potentially dangerous facade and convert the criminal court into a collection agency with none of the requirements of due process found even in a civil money judgment proceeding.
124 Ariz. at 215, 603 P.2d at 107.[1]
Although the trial court tried to import the due process of a civil proceeding into the restitution ordered in the present case, we find that this, too, fell short. Not only could the restitution order be construed to require appellant to pay damages not flowing from her crime, but it also could be construed to require her to pay restitution to her employer for damages awarded in a civil action against the employer, an action to which she would not even be a party. This certainly does not comport with due process.
Because the condition of probation requiring restitution violates appellant's constitutional right to due process and is not reasonably related to rehabilitation for the crime of which she was charged and convicted, see Wiggins v. State, 386 So.2d 46 (Fla. 4th DCA 1980), we are constrained to strike that condition even in the absence of an objection in the trial court.
Accordingly, we affirm appellant's conviction, but strike the condition of probation requiring appellant to make restitution.
SCHOONOVER, A.C.J., and HALL, J., concur.
NOTES
[1] The Reese court went on to state:

On the other hand, if the victim were to recover a money judgment in a civil proceeding, the criminal court would be warranted in ordering, as a condition of probation, that the defendant pay the judgment. .. . [This] comports with due process and is reasonably related to the goals of criminal justice.
124 Ariz. at 215, 603 P.2d at 107. We find, however, this statement to be dicta and unnecessary to the disposition of the case. Most important, it appears contradictory to us to permit restitution in a criminal case in the form of payment of a civil judgment for conduct which a defendant has not been found criminally guilty. It is axiomatic that the burden of proof in a criminal case is much greater than that in a civil action.