PER CURIAM.
The issue in this case is whether a restitution order mandating that Harrington compensate the victim of a traffic accident for damages from the accident is proper where the only crime Harrington was convicted of was leaving the scene of an accident involving injury in violation of section 316.062, Florida Statutes (1985). Our cases of Williams v. State, 505 So.2d 478 (Fla. 2d DCA 1987), Riner v. State, 389 So.2d 316 (Fla. 2d DCA 1980), and DiOrio v. State, 359 So.2d 45 (Fla. 2d DCA 1978), have all held that such restitution order is improper. Accordingly, the condition of Harrington’s probation requiring restitution is stricken and the case is remanded for an order in accordance with this opinion.
We acknowledge that our decision is in direct conflict with Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985).
Reversed and remanded.
DANAHY, C.J., FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.