JOANOS, Judge.
Appellant seeks review of the judgment and sentence, in which the trial court imposed a special condition of probation. The only issue raised in this appeal is the pro *716 priety of the special condition of probation, which prohibits appellant from having any contact with the victim or any member of her family. We affirm.
The victim in this case is the nine-year-old daughter of appellant’s girl friend. The record reflects that appellant and the victim’s mother had lived together for an extended period of time, and that appellant was in a position of familial authority with the victim. Appellant contends the trial court’s special condition of probation sweeps too broadly, because, in effect, it serves to bar appellant from any contact with his own six-year-old daughter, who lives in the same household as the victim and (apparently) is related to the victim. We do not agree.
We find the special condition of probation in this case is reasonably related to rehabilitation for the offense of which appellant stands convicted. See Howland v. State, 420 So.2d 918 (Fla. 1st DCA 1982); Bodden v. State, 411 So.2d 1391 (Fla. 1st DCA 1982); Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). However, the state agrees that the record reveals an ambiguity between the trial court’s written condition of probation and the court’s oral pronouncement of the special condition of probation during the sentencing proceeding. Therefore, this case is remanded to the trial court for clarification of the ambiguity between the sentencing order and the pronouncement in open court. See Craycraft v. State, 482 So.2d 567 (Fla. 2d DCA 1986).
Accordingly, the judgment and sentence appealed are affirmed, and the case is remanded for clarification of the sentencing order.
SHIVERS and THOMPSON, JJ., concur.