LEHAN, Acting Chief Judge.
Defendant challenges his sentence imposed following his convictions on two counts of aggravated assault. He contends that certain conditions of his community control are not related to the offenses to which he pleaded guilty and, more specifically as to one of those conditions, that he should not have been ordered to pay restitution because the injuries to the victim were not causally related to the offenses to which he pleaded guilty. As to the conditions, except for restitution, to which no objection was made, we affirm. See McPike v. State, 473 So.2d 291 (Fla. 2d DCA 1985). As to the condition of restitution, we reverse for the reasons explained below.
Defendant was charged with and pleaded guilty to two counts of aggravated assault for threatening Russell Levy and William Sabitini with a utility knife. The restitution was for medical expenses incurred by Stephen Coldtrain as a result of injuries inflicted by William Nance. The evidence established that sometime after Coldtrain was hit by Nance, defendant drew a knife and told Sabitini and Levy to “get back.” The evidence did not show that Coldtrain’s injuries were directly or indirectly caused by defendant’s assault upon Levy and Sabitini. Section 775.089, Florida Statutes (1991) provides, “[T]he court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds clear and compelling reasons not to order such restitution.” Accordingly, the condition that defendant pay restitution was erroneous. See Gourley v. State, 590 So.2d 482 (Fla. 1st DCA 1991); Williams v. State, 505 So.2d 478 (Fla. 2d DCA 1987), affirmed, State v. Williams, 520 So.2d 276 (Fla.1988).
The state does not contend that the restitution condition was proper. Instead, the state contends that defendant waived that issue by agreeing or acquiescing to that condition or by failing to object when restitution was imposed. We do not agree.
The state argues in support of its contention that the trial court, while sentencing defendant, announced the conditions of community control and specifically advised defendant that “you will be held jointly and severally liable for the medical expenses and the hospital and doctor bills which are incurred in this case.” The court went on to explain to defendant what that meant. The court then asked defendant if he understood. Defendant answered, “[y]es, sir.” This dialogue shows defendant’s understanding of the condition, but we do not conclude it shows his agreement to the imposition of the condition.
We agree with defendant that there had been an effective objection to the restitution previously at the hearing. When Cold-train was testifying, defendant’s counsel declined the court’s offer to review a copy of Coldtrain’s medical expenses, stating “Judge, my client is not involved in the injuries to this client. He was never charged.” The trial court responded that since defendant was present when Cold-train was injured, his attorney might want to review the expenses. The attorney then stated, “I imagine a lot of people were there.”
The sentence is affirmed except the order of restitution is stricken.
ALTENBERND and BLUE, JJ., concur.