[Cite as *State v. Griffeth*, 2011-Ohio-4426.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 10-CA-115 |
| EDWIN GRIFFETH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
Common Pleas Case No. 04-CR-680D


JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     August 30, 2011


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JAMES J. MAYER, JR.                   RHYS B. CARTWRIGHT-JONES
Richland County Prosecutor           42 N. Phelps St.
38 S. Park St., 2nd Fl.                 Youngstown, Ohio 44503
Mansfield, Ohio 44902

DANIEL J. BENOIT
Assistant Prosecuting Attorney
(Counsel of Record)
*Delaney, P.J.*

{¶1} Defendant-Appellant, Edwin Griffeth, appeals the judgment of the Richland County Court of Common Pleas, finding him guilty of community control violations and continuing him on probation. The State of Ohio is Plaintiff-Appellee.

{¶2} Appellant was originally convicted of two counts of sexual battery, after pleading guilty to a Bill of Information. The trial court sentenced Appellant to four years in prison on one count and sentenced him to community control on the second count. After serving two years of his prison sentence, Appellant was granted judicial release and was placed on community control sanctions for five years.

{¶3} Initially, Appellant was under the supervision of the Adult Parole Authority (APA). His terms of probation included having no contact with any man or woman who had physical custody of children unless he had the permission of his supervising parole officer. An additional term required him to refrain from riding in a car with a female without the knowledge and permission of his parole officer.

{¶4} While being supervised by the APA, Appellant applied for a travel permit for a trip to Florida with his mother. In actuality, Appellant had purchased airline tickets for himself and a female named Jennifer Leech.

{¶5} In November, 2008, Appellant engaged in a confrontation with Leech's ex-husband, John Mayer, who was a chief probation officer for the APA. Subsequent to this confrontation, Appellant's supervision was transferred to the Richland County Probation Office to avoid any conflict of interest with the APA supervision of Appellant. Jason Hoover became Appellant's probation officer under Richland County's supervision. At that time, the Richland County Probation Department included a no contact order with Ms. Leech into Appellant's terms of probation.

{¶6}   In December, 2008, Appellant appeared before the trial court for a status conference to ensure that he understood the terms of probation.  At that time, Appellant stated that he did not go on a trip to Florida with Ms. Leech and that if Ms. Leech had been in Florida at the same time as he was, it was a coincidence.  Subsequently, it was determined that Appellant purchased tickets for himself and Ms. Leech together.

{¶7}   Hoover discovered, prior to this December status conference, that Leech was living in a home that Appellant owned and was also driving a car registered to Appellant's employer, A&E Motors, free of charge. Hoover also discovered that Appellant's son was living at the residence of Ms. Leech.  Based on these revelations, probation violations were filed and a hearing was held.  The violations stated that Appellant had violated condition 19D of his probation conditions, specifically, (1) that he had contact with Jennifer Leech, and that she was living in his residence at 424 Vanderbilt Road, (2) that he had contact with Jennifer Leech, and that he was furnishing her a car from his employer; and (3) that he had had contact with Jennifer Leech, and that his son was living in her residence at 208 Rhein Street in Richland County.   He was also charged with violating condition 18, which required him to be "truthful, respectful, and cooperative with all law enforcement officers, supervision officers, and court personnel at all times.  During your probation review on 12-1-08, you told the Judge that you had no contact with Jennifer Leech but later it was determined that you were dishonest to that fact."

{¶8}   Appellant denied the violations, and the evidentiary hearing was held on April 13, 2010, and May 19, 2010.  The trial court found Appellant guilty in regards to violations 1, 2, and 4, as set forth in paragraph seven above.  The third violation,

regarding Appellant's son living in Leech's residence, was dismissed for failing to state a direct violation by Appellant of his conditions of probation. The trial court referred Appellant to the Community Alternative Center and was continued on probation.

{¶9} Appellant raises three Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED IN FINDING MR. GRIFFETH LIABLE FOR ALLEGEDLY VIOLATING AN UNCONSTITUTIONAL TERM OF COMMUNITY CONTROL.

{¶11} "II. THE TRIAL COURT ERRED IN FINDING MR. GRIFFETH LIABLE ABSENT SUBSTANTIAL PROOF OF THE ALLEGED VIOLATIONS.

{¶12} "III. THE TRIAL COURT ERRED IN FINDING MR. GRIFFETH LIABLE ABSENT PRIOR DISCLOSURE OF THE EVIDENCE AGAINST HIM."

I.

{¶13} In his first assignment of error, Appellant argues that the prohibition against his association with Jennifer Leech violated his constitutional rights. Specifically, he argues that such a prohibition violates his right to freedom of association under the First Amendment of the United States Constitution.

{¶14} Pursuant to R.C. 2951.02, trial courts are granted broad discretion in setting conditions of probation. Specifically, R.C. 2951.02(C) provides that " * * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." See *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469, citing *State v. Livingston* (1976), 53 Ohio App.2d 195, 196-197, 372 N.E.2d 1335, 1337, citing

*United States v. Strada* (D.C.Mo.1974), 393 F.Supp. 19; *People v. Dominguez* (1967), 256 Cal.App.2d 623, 64 Cal.Rptr. 290; *Williams v. State* (Tex.Crim.App.1975), 523 S.W.2d 953; see, also, *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 519 N.E.2d 860, paragraph two of the syllabus. A trial court's discretion in imposing conditions of probation is not limitless. "Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Jones*, supra, at 52, citing *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409.

{¶15} The Ohio Supreme Court in *Jones* held, "[i]n determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. See, e.g., *United States v. Tolla* (C.A.2, 1986), 781 F.2d 29, 32-33; *State v. Maynard*, supra, at paragraph two of the syllabus; *State v. Livingston*, supra; *Howland v. Florida* (Fla.App.1982), 420 So.2d 918, 919; Rodriguez v. Florida (Fla.App.1979), 378 So.2d 7; Nitz v. State (Alaska App.1987), 745 P.2d 1379." Id., at 53.

{¶16} Additionally, the court justified prohibitions on associations as follows: "[A] person by reason of his conviction of a public offense enjoys a reduced expectation of privacy." FN1 Id. 81 Cal.App.3d at 182, 146 Cal.Rptr. at 417. See, also, *Commonwealth v. Reggie* (1979), 264 Pa.Super. 427, 429, 399 A.2d 1125, 1126 (condition of probation, imposed on defendant convicted of corruption of a minor and indecent assault, that he "stay away from juveniles and young adults" upheld); *In re Dunn* (1971), 158 Mont. 73,

488 P.2d 902 (condition of probation, imposed on a defendant convicted of the sale of dangerous drugs, that he not be found in the company of anyone under eighteen held to be within the discretion of the trial court); *Hardman v. Hardman* (1988), 185 Ga.App. 519, 521, 364 S.E.2d 645, 647 (condition of probation, imposed on a defendant indicted for child molestation and contributing to the deprivation of a minor and who pleaded guilty to simple battery, that he not have any unsupervised contact with females under the age of fourteen held not to be an abuse of discretion); *Howland v. Florida*, supra (condition of probation, imposed on a defendant convicted of negligent child abuse, that he not reside with any children under sixteen upheld as being reasonably related to the crime and future criminality); *United States v. Tolla*, supra (condition of probation, imposed on a defendant convicted of income tax evasion based on false statements made under oath, that she refrain from teaching young people upheld as being reasonably related to rehabilitating the defendant and protecting the public)." *Jones*, supra, at 54.

{¶17} "FN1 Numerous federal courts have upheld conditions that limit a probationer's freedom to engage in otherwise lawful activities. *United States v. Gracia* (C.A.2, 1985), 755 F.2d 984, 991 (probationer who refused to testify under a grant of immunity before grand jury investigating a terrorist group lawfully prohibited from associating with known or suspected terrorists or their associates); *United States v. Lawson* (C.A.10, 1982), 670 F.2d 923, 930 (probationer convicted of failing to file income tax returns lawfully prohibited from membership in tax protest organizations); *United States v. Villarin Gerena* (C.A.1, 1977), 553 F.2d 723, 726-727 (police officer convicted of civil rights violation in carrying out an arrest lawfully required to resign from

police force during period of his probation); *Malone v. United States* (C.A.9, 1974), 502 F.2d 554, 556-557, certiorari denied (1975), 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (a sympathizer with the Irish Republic movement convicted of gunrunning lawfully prohibited from associating with Irish cultural, political or social organizations); *Berra v. United States* (C.A.8, 1955), 221 F.2d 590, 598, affirmed (1956), 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (union business manager convicted of tax evasion as a result of failure to report kickback income lawfully prohibited from holding union office or employment); *United States v. Tolla*, supra." Id.

{¶18} The standard in Ohio for determining whether a probation prohibition is unconstitutional is a rational basis test. In other words, if the restriction of association is reasonably related to a government purpose without being unduly restrictive, the law cannot be found to violate the constitution. Id. As the *Jones* court pointed out, in certain scenarios, any prohibition could be considered to be "unreasonable." We do not find that the restriction in the present case was unreasonable.

{¶19} Appellee draws a persuasive picture of the rational basis for the prohibition against allowing Appellant to associate with Leech.

{¶20} Appellant was originally convicted in 2004 on two counts of sexual battery, wherein he had sexual intercourse with two high school classmates of his son. Both victims attended parties at Appellant's home and were drugged prior to the sexual conduct.

{¶21} Appellant's first probation officer, after he was transferred out of APA jurisdiction, explained that the restriction regarding Jennifer Leech was originally placed upon Appellant because Ms. Leech has a juvenile child and Appellant was forbidden

from having contact with any children. Appellant would, through his relationship with Ms. Leech, have access to a juvenile female. Since Appellant was convicted of sexual conduct with minor females, his prohibition from having contact with Leech, and therefore potential access to her daughter, is reasonably related to Appellant's future criminal behavior and serves the statutory ends of probation. *Jones*, supra.

{¶22} Another term of Appellant's probation under the APA was that he was prohibited from having a relationship with a woman or man who had physical custody of a child unless his supervision officer had knowledge of the relationship and gave Appellant permission to engage in the relationship. He was also prohibited from riding in or driving a car with a female in the vehicle without the knowledge and approval of his APA officer.

{¶23} Appellant signed and agreed to these conditions in exchange for his early release from prison.

{¶24} While under APA supervision, Appellant was found to be in a car with Leech and an exchange occurred between Appellant and Leech's ex-husband, who was an APA supervisor. We find the State's argument to be persuasive that adding a restriction of association between Appellant and Leech based on this albeit uncharged parole violation, to have a rational basis in the law.

{¶25} Additionally, we note, as Appellee does, that Appellant has gone to great lengths to hide his relationship with Leech, thereby lending credence to the implementation of this specific restriction.

{¶26} Appellant's first assignment of error is overruled.

II.

{¶27} In Appellant's second assignment of error, he alleges that the trial court erred in finding him guilty of the probation violations because substantial proof did not exist to support the violations.

{¶28} A community control revocation is not a criminal trial; therefore, the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *State v. Pavlich*, 6th Dist. No. E-10-011, 2011-Ohio-802, ¶7, citing *State v. Ryan*, 3d Dist. No. 14–06–55, 2007–Ohio–4743, ¶ 7, citing *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821. Instead, the state must show "substantial" proof that the offender violated the terms of his or her community control sanctions. *Ryan*, supra.

{¶29} Substantial evidence is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly*, 166 Ohio App.3d 808, 853 N.E.2d 675, 2006-Ohio-2353, at ¶18, citing *State v. Hayes* (Aug. 10, 2001), 6th Dist. No. WD-00-075. Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance. *State v. Gomez* (Feb. 18, 1994), 11th Dist. No. 93-L-080, citing *Laws v. Celebrezze* (4th Cir., 1966), 368 F.2d 640, 642, and *Marker v. Finch* (D.C.Del.1971), 322 F.Supp. 905, 910, fn. 7.

{¶30} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Bell* (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. Determination of the credibility of the witnesses is for the trier of fact. *State v. Swiger* (1966), 5 Ohio St.2d 151, 156, 214 N.E.2d 417. A trial court's finding of a violation of community control will not be disturbed on appeal absent an abuse of discretion.

*Pavlich*, supra. An abuse of discretion implies more than an error of law or judgment; instead, it connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. Id.

{¶31} In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a probation violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation." *Pavlich*, supra, at ¶25, citing *State v. McKeithen*, 3d Dist. No. 9–08–29, 2009–Ohio–84, ¶ 22, quoting *State v. Miller* (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶32} Accordingly, we must determine if the trial court abused its discretion in finding that Appellant violated his conditions of probation. A review of the record does not support a finding that the trial court abused its discretion.

{¶33} To the contrary, the record shows that Leech lived in a house owned by Appellant, that Appellant's son lived in Leech's home, and that Leech drove a car that came from the car dealership that Appellant worked at. Though Appellant's mother testified that she was responsible for leasing the apartment to Leech, there was no paperwork to that effect. Additionally, Appellant's mother testified that she gave Leech

the car to drive. Again, there is no documentation to that effect. The evidence presented at the hearing through Appellant's probation officers show that Appellant attempted to hide his relationship with Leech and that during the status conference hearing in December, 2008, he lied to the court regarding that relationship. The trial court was within its purview to assign credibility of the witnesses as it saw fit. Sufficient evidence existed to support a finding that Appellant violated his conditions of probation.

{¶34} Appellant's second assignment of error is overruled.

III.

{¶35} In Appellant's third assignment of error, he argues that his due process rights were violated because he was not granted discovery prior to his revocation hearing.

{¶36} Crim. R. 32.3, which governs probation revocation hearings, does not expressly provide for a right to discovery prior to the revocation hearing. Revocation of probation implicates two due process requirements. The trial court is first required to conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his probation. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. At the hearing the trial court must comply with the terms set out in ¶15, infra. Appellant was afforded each of these rights at his hearing.

{¶37} Crim. R. 16 applies to criminal proceedings. A probation revocation hearing is not criminal in nature, and therefore we hold that Crim. R. 16 is inapplicable to revocation hearings. See *State v. Parsons* (Nov. 26, 1996), 2nd Dist. No. 96 CA 20,

1996 WL 665004. We would observe, however, that during the hearing, it appeared that trial counsel was familiar with any and all exhibits presented by the prosecution.

{¶38} Finding no due process violation and moreover, no prejudice to Appellant, we overrule his third assignment of error.

{¶39} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EDWIN GRIFFETH | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-115 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE