W. R. BRASWELL, *Plaintiff in Error*, v. THE STATE OF
.         FLORIDA, *Defendant in Error*.

### Division B.

### Opinion Filed August 2, 1924.

To constitute the crime of living in an open state of adultery,
there must be a living together openly as if the legal rela-
tion of husband and wife existed between the parties; a mere
occasional illicit intercourse is not sufficient, but there must
be a living or residence together openly as if the conjugal
relation, coupled with acts of sexual intercourse. Grice et
al. v. State, 75 Fla. 751.

A Writ of Error to the Circuit Court for DeSoto
County, George W. Whitehurst, Judge.

Judgment reversed.

*W. D. Bell* and *Leitner & Leitner*, for Plaintiff in Error;

*Rivers Buford, Attorney General,* and *Marvin C. Mc-
Intosh, Assistant Attorney General,* for the State.

WEST, J.—This prosecution is under Section 5406 of
the Revised General Statutes. The indictment charges
Plaintiff in Error, a married man, and Sadie Tyre, with
living together in an open state of adultery. A severance
was granted. The Writ of Error is to review the judg-
ment imposing sentence upon him.

The case is somewhat unusual, though in some respects
not without ancient precedent. According to the evidence
of the co-defendant, who was the only witness called on
behalf of the State, she went as a handmaid into the child-
less home of plaintiff in error and his wife, somewhat as
Hagar went into the home of Abraham and Sarah. After

having lived in the home in the capacity of a servant for several months, and in order that plaintiff in error and his wife might "obtain children by her," it was agreed among them that plaintiff in error should "go in unto" her, which he did from time to time, with the result that "she conceived" and bore a child.

The wife denies any such agreeement or knowledge of the alleged illegal relationship between the parties. She admits the conception and birth of the child and testifies that the mother agreed that she, the wife of plaintiff in error, could have the child, which was at birth delivered to her, in consideration of which agreement she paid the hospital bills incurred at the accouchment and thereafter made periodical small contributions of money to the mother. Plaintiff in Error admits the alleged intimacy between them, but testifies that such illicit acts were occasional and surreptitious.

However reprehensible the conduct of defendant may have been, the evidence is insufficient to make out essential elements of the offense denounced by the statute. To sustain a conviction under this statute "there must be a living together openly as if the legal relation of husband and wife existed between the parties; a mere occasional illicit intercourse is not sufficient, but there must be a living or residing togteher openly as if the conjugal relation existed." Grice v. State, 75 Fla. 751, 78 South. Rep. 984; Brevaldo v. State, 21 Fla. 789.

Upon authority of these cases the judgment is reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWNE, J., concurs in the opinion.

ELLIS, J., dissents.