This is a suit for compensation. Plaintiff was employed by defendant as a common laborer at a salary of $12 per week. While carrying a piece of pipe, as he was directed to do by his foreman, his foot slipped on the edge of a ditch which was approximately 32 inches deep and he fell into the ditch, landing on his back. He got up immediately and continued his labors for the day. The accident occurred about 1:30 P.M. Plaintiff reported for duty the next day and after working about one hour was discharged because he was not keeping up with the other workmen. After having been discharged and paid he reported the accident to his superiors.
The accident occurred on August 11, 1941 and on September 8, 1941, plaintiff filed this suit in which he alleged that he wrenched his back and that the injuries were of a permanent nature. He prayed for compensation at the rate of 65% of his weekly wages for a period not to exceed 400 weeks.
Defendant in answer admits plaintiff's employment but denies all other allegations.
The lower court awarded plaintiff judgment for 65% of his weekly wages for a period of 24 weeks.
The case was tried below on March 10, 1942. Plaintiff has perfected an appeal from the judgment of the lower court. There is no answer to the appeal by defendant, therefore the only question for us to determine is whether or not plaintiff is entitled to more than 24 weeks' compensation.
We are convinced the judgment of the lower court does justice between the parties. The only testimony in the record is that of plaintiff and a fellow laborer as to the occurrence of the accident, and the medical testimony. There is no doubt about the happening of the accident and we are convinced that the plaintiff sprained his back slightly at that time. However, on the trial of the case his medical experts attempted to show a fracture of a vertebra in the back. In this we are convinced they completely failed. There is no fracture of any vertebra in plaintiff's back. He has some arthritis but this is accounted for by the condition of his mouth. He is suffering from pyorrhea of long standing.
The medical testimony preponderates greatly in favor of the fact that plaintiff had fully recovered from any disability caused by the accident at the time of trial below. The slight sprain of the back received by him should have disappeared within at most ten weeks. We realize the lower court arbitrarily fixed the number of weeks of plaintiff's disability, no doubt basing it on the longest period of time any of the doctors testified it would take to get over such a sprain.
The judgment, in our opinion, is liberal to plaintiff and it is affirmed; cost of appeal to be paid by appellant. *Page 23