This is a compensation suit in which plaintiff seeks to recover total and permanent disability for injuries sustained in the course of his employment.
Plaintiff, while working for defendant, Louisiana Central Lumber Company, as a log cutter, was pinned under a falling log and sustained serious injuries. Plaintiff's left leg was broken just above the ankle, and the right leg was broken just below the knee. Due to failure to obtain proper apposition of the bones of the right leg, in first setting the same after the injury, it was necessary to perform another operation upon the right leg, in the course of which the bones were rebroken and reset. The accident occurred on September 8, 1941, and compensation was paid up to date of November 2, 1942. On trial of the case no medical testimony was offered on behalf of plaintiff, with the exception of a stipulation entered into by and between the attorneys for plaintiff and defendants. In the stipulation it was admitted that Dr. W.H. Pierson of Natchitoches examined plaintiff on December 1, 1942, and if he were present in Court he would testify: "That on the date of his examination he found Perry's right leg one (1) inch shorter than the left with a lateral bowing. That the right leg was swollen all along from the fracture line down. That he found in his opinion a permanent loss of twenty-five percent of the function of the right leg and that it is the opinion of Dr. Pierson that in this condition Perry would not be able, physically, to cut logs or to do similar hard manual labor."
As opposed to the conclusions reached by Dr. Pierson, defendant presents four medical experts, Drs. J.Q. Graves, E.L. Carroll, Fred H. Mecom and P.K. Rand, who were agreed that plaintiff's injuries were no longer disabling in effect, and that the full use of the legs might be restored by following a program of exercise. It was admitted by all of these doctors that exercise of the legs would entail a certain amount of pain, which they characterized as the price that must be paid in the course of regaining normal function of the legs. They were unable to fix with absolute certainty the period during which the pain and discomfort attendant upon exercise of the members might last, but they were definitely of the opinion that such pain would be only normal and natural, that it would not persist for any great length of time, and that the use of the members would not have any injurious effect.
There is no doubt from the record that at the time of trial the plaintiff suffered from a disability which prevented him from following any employment involving manual labor, but it is equally apparent that this condition was due to plaintiff's own fault and was a condition which might be overcome within a reasonable period of time.
To hold that plaintiff is permanently and totally, or permanently and partially, disabled, would be to absolutely disregard the testimony of the expert witnesses in the case, substituting therefor the opinions and conjectures of lay witnesses. We do not feel that we would be justified in thus disregarding the overwhelming preponderance of the medical testimony.
Impressed with the desire to give plaintiff the benefit of every possibility and to liberally allow sufficient time for complete recovery, the District Judge allowed additional compensation for a period of twenty-four weeks from November 2, 1942, which *Page 137 
period would have carried payments of compensation some three months subsequent to the date of trial.
In the case of Wilson v. Wright Lopez, La.App., 11 So.2d 22, this Court commented upon a similar action by the District Judge, and the following comment was made in the opinion of Judge Drew:
"We realize the lower court arbitrarily fixed the number of weeks of plaintiff's disability, no doubt basing it on the longest period of time any of the doctors testified it would take to get over such a sprain.
"The judgment, in our opinion, is liberal to plaintiff and it is affirmed."
We believe that the conclusion reached by the District Judge as to the time factor was sufficient to protect plaintiff during his efforts to regain complete use of his members.
The judgment appealed from is affirmed.