349 So.2d 792 (1977)
Darrell W. MAYS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 77-263, 77-273.
District Court of Appeal of Florida, Second District.
September 2, 1977.
*793 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant was charged by separate informations with the crimes of burglary of a dwelling and burglary of a structure contrary to Section 810.02, Florida Statutes (1975). Upon his pleas of guilty he was adjudged guilty of each crime. He was sentenced to one year in a treatment center to be followed by five years probation with credit for time served for his conviction of burglary of a dwelling. He was placed on probation for fifteen years as a result of his conviction of burglary of the structure. The sentences were to run concurrently.
Appellant first contends that his being placed on probation for fifteen years for burglary of a structure is illegal, since he could have received only a maximum of five years in prison for the crime. We agree. The information in case number 76-6103 (appeal number 77-273) does not allege that there was a human being in the structure at the time appellant committed the crime. Such an allegation is essential to the charge where a structure, as opposed to a dwelling, is involved in order for the crime to be a second degree felony which carries a maximum punishment of fifteen years. Section 810.02(3), Florida Statutes (1975). Absent this allegation, the burglary charged is a third degree felony punishable by a maximum of five years imprisonment. Section 775.082(3)(d), Florida Statutes (1975). Since a probationary term may not exceed the maximum possible sentence unless expressly provided by law, Watts v. State, 328 So.2d 223 (Fla.2d DCA 1976), placing appellant on probation for fifteen years in case number 76-6103 (appeal number 77-273) was excessive and this case must be remanded for entry of a probationary term not exceeding five years.
Appellant next contends that condition thirteen of his probation, prohibiting *794 him from living with a member of the opposite sex unless married, is overbroad. Although this condition may be considered a layman's formulation that appellant must comply with Chapter 798, Florida Statutes (1975) which proscribes fornication, the restriction is overbroad since its language would prohibit appellant from living with his mother or any other female relative of appellant. Hence, on remand, condition thirteen must be modified to permit appellant to live with his female relatives.
Finally, appellant points to the record which shows he was to receive credit for time spent in jail in case number 76-6102 (appeal number 77-263). However, the final judgment and sentence omits any reference to credit appellant is to receive for time served. On remand, the precise number of days of credit to which appellant is entitled must be stated. Smith v. State, 310 So.2d 770 (Fla.2d DCA 1975).
Appellant's convictions are affirmed. The sentence in each case is vacated and each cause is remanded for resentencing in accordance with this opinion. Appellant need not be present for this purpose.
GRIMES, Acting C.J., and OTT, J., concur.