PER CURIAM.
Appellant was charged by information with burglary of a structure in case number 75-5768 (appeal number 77-101). Appellant entered a guilty plea, was adjudicated guilty of burglary, and was placed on ten years probation.
Subsequently, appellant was charged by information with delivery of heroin in case number 76-7489 (appeal number 77-100). A probation revocation hearing was conducted predicated on the heroin charge. After taking testimony the trial court properly revoked appellant’s probation and he was sentenced to fifteen years in prison for the crime of burglary of a structure.
Immediately after appellant’s probation was revoked he entered a guilty plea to the heroin charge. This plea was entered pursuant to a bargain whereby appellant would receive a fifteen-year sentence to be served concurrently with the fifteen-year sentence he had just received for burglary. The trial court conducted an inquiry into the volun-tariness of appellant’s guilty plea, concluded it was voluntary, adjudicated appellant guilty of delivery of heroin, and sentenced appellant to fifteen years in prison to run concurrently with appellant’s sentence for burglary.
Appellant first contends that his being sentenced to fifteen years for burglary of a structure is illegal since the maximum sentence he could receive for that crime was five years. We agree. The information in case number 75-5768 (appeal number 77-101) does not allege that there was a human being in the structure at the time appellant committed the crime. Such an allegation is essential to the charge where a structure, as opposed to a dwelling, is involved in order for the crime to be a second-degree felony which carries a maximum punishment of fifteen years. Section 810.-02(3), Florida Statutes (1975); Mays v. State, 349 So.2d 792 (Fla.2d DCA 1977). Absent this allegation, the burglary charged is a third-degree felony punishable by a maximum of five years imprisonment. Section 775.082(3)(d), Florida Statutes (1975). Accordingly, this sentence must be *454 reversed and the cause remanded for entry of a sentence not exceeding five years.
Appellant next contends that his plea of guilty to the heroin charge was entered into without a proper understanding of its consequences, rendering it involuntary. The basis of appellant’s argument is that he entered the plea with the understanding that he was to receive a fifteen-year sentence for the heroin charge to be served concurrently with the fifteen-year burglary sentence which had just been previously (and erroneously) imposed. In light of the illegality of the fifteen-year sentence on the burglary charge, appellant asserts that contrary to the negotiations, he is serving ten years more prison time on the heroin charge than could have been lawfully imposed on the burglary charge. Appellant argues that the ten-year excess prison term amounts to a breach of his understanding of the plea negotiation. Accordingly, appellant asserts that his sentence on the heroin charge must be reversed and he must be allowed to withdraw his plea.
While we agree that the sentence on the heroin charge must be reversed, we do not agree with appellant that he must be allowed to withdraw his plea. If upon resen-tencing the trial court imposes a sentence on the heroin charge equal in length to and running concurrently with the sentence imposed for the burglary charge, the terms of the negotiations will be fulfilled, the plea will not be involuntary, and appellant need not be allowed to withdraw his guilty plea. This does not necessarily preclude a sentence for the heroin charge which exceeds in length appellant’s sentence for the burglary charge, but we note that such a sentence may require an inquiry into the understanding of the participants in the plea negotiations and a determination that the longer sentence fulfills the actual terms of those negotiations. Accordingly, the sentence imposed for the heroin charge (case number 76-7489, appeal number 77-100) is reversed and the cause remanded for resentencing. Nothing herein precludes the appellant from filing a motion to withdraw his guilty plea on the heroin charge.
We also note that the present sentences do not specifically set forth the period of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1975); Brooks v. State, 349 So.2d 794 (Fla.2d DCA 1977). Moreover, the phrase “at hard labor” in the sentences is improper. Brooks v. State, supra.
Both cases are remanded for proceedings consistent with this opinion.
HOBSON, Acting C. J., and OTT and DANAHY, JJ., concur.