377 So.2d 674 (1979)
William D. PURVIS, Appellant,
v.
STATE of Florida, Appellee.
George W. FRENCH and Earl Blackburn, Appellants,
v.
STATE of Florida, Appellee.
Nos. 53778, 53881.
Supreme Court of Florida.
November 21, 1979.
*675 Michael J. Minerva, Public Defender, and Thomas L. Powell, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
BOYD, Justice.
These consolidated cases are before the Court on appeal from the County Court of Leon County, which rendered judgments of conviction against the appellants pursuant to indictments charging them with the crime of child abuse by contributing to the delinquency or dependency of certain minors, in violation of sections 798.03 and 827.04(3), Florida Statutes (1977). By motions to dismiss, the appellants challenged the constitutionality of these statutes. In its orders of denial, the county court directly passed upon their constitutionality. Following the denial of their motions to dismiss, the appellants changed their pleas to nolo contendere, reserving the right to appeal the court's rulings on the legal issues raised therein. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellants present us with three issues. Their first contention is that section 827.04(3), Florida Statutes (1977),[1] is vague and overbroad. The very same issue was before the Court recently in State v. Shamrani, 370 So.2d 1 (Fla. 1979). There we upheld the statute as construed. We therefore reject appellants' contention on this issue.
The second issue on this appeal is raised by the appellants' assertion that section *676 798.03, Florida Statutes (1977), violates constitutional guarantees of equal protection of the laws. Section 798.03 provides, in relevant part, that "[i]f any man commits fornication with a woman, each of them shall be guilty of a misdemeanor of the second degree." Neither this statute nor any other Florida statute defines the term "fornication." There is no common understanding of the term, as is indicated by the diversity of definitions given in Funk & Wagnall's New Standard Dictionary, Webster's New International Dictionary (2d Ed.), and Black's Law Dictionary (Rev'd 4th Ed.).
When a statute makes an act criminal but does not define or provide the elements of the crime, the courts will refer to the common law definition. Carnley v. State, 88 Fla. 281, 102 So. 333 (1924). Looking to the common law, this Court in De Laine v. State, 262 So.2d 655 (Fla. 1972), defined fornication as "illicit sexual intercourse between either a married or an unmarried man and an unmarried woman... ." Id. at 657. Under this definition, a gender-based distinction is drawn between married women, who cannot be punished for illicit sexual activity, and married men, who can be.
The state argues that the distinction made by the statute is offset by section 798.01, Florida Statutes (1977), so that there is actually no differential treatment or classification established. Section 798.01 prohibits living in open adultery.[2] It might also be suggested that married women are subject to prosecution under section 796.07(1)(a), Florida Statutes (1977), which in part defines prostitution as "licentious sexual intercourse without hire." The elements of these offenses, however, are different from fornication. A single act of illicit sex is sufficient to support a charge of fornication, but is insufficient to support prosecution for living in open adultery. Braswell v. State, 88 Fla. 183, 101 So. 232 (1924); Lockhart v. State, 79 Fla. 824, 85 So. 153 (1920). The effect of the fornication and adultery statutes taken together is that a married woman and her sexual partner cannot be punished for isolated instances of illicit sexual activity. And because the statute prohibiting prostitution without hire requires a mental element of licentiousness, Tatzel v. State, 356 So.2d 787 (Fla. 1978), this crime also differs from fornication. Therefore, the distinction drawn by the fornication statute is not offset or cured by the existence of these other laws.
The equal protection clause of the fourteenth amendment to the United States Constitution and article I, section 2 of the Florida Constitution require that a law creating a gender-based classification must be substantially related to the achievement of an important governmental objective. Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). Not only does the classification at issue not meet this "intermediate standard," it does not even meet the lesser standard of a rational relation to a legitimate state purpose. In re Estate of Reed, 354 So.2d 864 (Fla. 1978).
The state has failed to offer any governmental objective as justification for the classification. So, we can only guess as to its purpose. If the purpose of the statute is to regulate immoral conduct, the gender based distinction is irrational because any immorality inherent in illicit sex is presumably equal, regardless of one's gender or the marital status of one's partner.
An alternative governmental objective may be to discourage births of illegitimate children who may tend to become dependent state charges. The assumption that dependent children will result from fornication, but not from illicit sexual activities of married women is tenuous. The paternity of an illegitimate child may be established through bastardy proceedings, and the father may be compelled to contribute to the child's support. §§ 742.011-.10, Fla. Stat. (1977). And although there is a *677 presumption of legitimacy of a child born in wedlock, the presumption may be rebutted, Gammon v. Cobb, 335 So.2d 261 (Fla. 1976), and the husband who is not the child's biological father has no legal duty to provide child support. Lynn v. Lynn, 358 So.2d 908 (Fla. 1st DCA 1978).
If the classification is to serve this purpose, it is overinclusive because it includes couples who indulge shortly before their marriage, conceive, and give birth after the wedding. A child of such a union is no more likely to become dependent than the child of any marriage. The presumption of legitimacy is not weakened even though it is shown that the child born in wedlock was conceived prior to the marriage. Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 136 (1944). The fornication statute also permits prosecution of individuals whose activity does not and cannot result in conception.
The state has never used this statute to punish the parents for the birth of illegitimate children. If the statutory purpose is to prevent births of illegitimate children, then an illegitimate birth would constitute prima facie evidence of fornication. If this were the bona fide purpose, we would expect to find prosecutions based on the birth as evidence. Surely the legislature never intended such a construction of the statute.
The legislature may have been concerned with the prevention of venereal disease, but it is doubtful that the statute is capable of achieving that result. The risk of contracting venereal disease is surely as great a deterrent to illicit sex as the maximum penalty under this act. The statute is also counter-productive because the fear of prosecution can only deter affected individuals from voluntarily seeking treatment. See State v. Saunders, 75 N.J. 200, 381 A.2d 333 (1977). It is clear, however, that the gender-based classification is in no way rationally related to achievement of this goal, as the disease is spread as readily by married females as it is by married males.
If the statutory purpose is limited to prevention of prostitution or child abuse, then the statute is redundant, and the classification is irrational. Prostitution is punishable under chapter 796, Florida Statutes (1977), and children are protected from abuse under sections 794.011, 794.05, 796.03, 800.04 and 827.01-.08, Florida Statutes (1977). The classification makes punishable the conduct of many of Florida's citizens who are not prostitutes, minors, nor the sexual partners of prostitutes or minors. The statute does not regulate the activities of married female prostitutes or their customers.
Since the gender-based classification created by the fornication statute does not bear a rational relationship to a permissible state objective, then clearly it fails to meet the stricter standard, applicable to such a classification, of an important governmental interest. It violates the fundamental guarantee of equal protection of the laws. U.S.Const. amend. XIV, § 1; art. I, § 2, Fla. Const. We hold that it is void as written and must be cured legislatively.
It might be suggested, since the constitutional problem with this law lies not in the words of the statute but rather in the common law definition, that this Court should simply modify the definition so as to render the law valid. But we think that when the legislature first proscribed the conduct it labeled as fornication,[3] it did so with reference to the pre-existing common law definition.[4]De Laine v. State is cited above merely as an authoritative statement recognizing that the common law definition applies. In such circumstances, it is more properly the province of the legislature, than of this Court, to make needed revisions in the law. State v. Egan, 287 So.2d 1 (Fla. 1973). Therefore it is within the discretion of the legislature to enact a valid law on this subject if one is thought to be desirable.
The appellants were accused by indictments that linked together the two penal statutes discussed above. The indictment in case no. 53,778 charged that the defendant *678 committed fornication and thereby committed the crime of child abuse. The indictment of one of the appellants in case no. 53,881 alleged the same. The other appellant in the latter case was alleged to have committed "an act of attempted fornication" and to have thereby committed the crime of child abuse.
The statute defining the crime of child abuse by contributing to delinquency or dependency, section 827.04(3), Florida Statutes (1977), provides: "It shall not be necessary for any court exercising juvenile jurisdiction to make an adjudication that any child is delinquent or dependent in order to prosecute a parent or any other person under this section."[5] Neither is it necessary to show that the child committed an unlawful act as a result of the abuse. Nor is the defendant required to have committed any act otherwise criminal. It is enough if a jury could find that the accused committed an act or acts "under such circumstances that a person of common understanding would know that they would cause or tend to cause or encourage or contribute to the delinquency or dependency of a person under the age of eighteen years." State v. Shamrani, 370 So.2d at 2. We conclude, therefore, that in cases such as these the state can proceed under the child abuse statute alone. The references in these indictments to the crime of fornication were unnecessary and served only to indicate the type of misconduct detrimental to the children involved.
It might be suggested that since the references to fornication were unnecessary they can be disregarded as surplusage, and the remainder of the indictments might still be found sufficient to charge the crime of child abuse. The informations were worded disjunctively. They alleged in the alternative that the appellants by acts other than fornication committed the crime of child abuse. Technically, it might be said that the indictments, with all reference to the void fornication statute excised, are sufficient.
One who is accused of crime has a fundamental right to be informed with clarity and specificity of the nature and the cause of the charge being brought against him. Art. I, § 16, Fla. Const.; Cooper v. City of Miami, 160 Fla. 656, 36 So.2d 195 (1948); Brown v. State, 135 Fla. 30, 184 So. 518 (1938). "The requisite degree of certainty in an indictment must have reference to the matter to be charged and the manner or form of charging it." Mills v. State, 58 Fla. 74, 78, 51 So. 278, 280 (1910). To allow these judgments to stand based on nolo pleas tendered to indictments linking the two crimes together would violate the appellants' fundamental right to be charged with clarity and certainty.
As their third issue on appeal the appellants have attacked section 798.03 as an unconstitutional violation of rights of privacy. *679 In view of our disposition of these cases, we find it unnecessary to address this issue.
Section 798.03, Florida Statutes (1977),[6] violates equal protection and is void. The judgments are vacated. The cases are remanded to the trial court with directions to allow the State of Florida thirty days in which to file amended charges.
It is so ordered.
ADKINS, OVERTON and SUNDBERG, JJ., concur.
ENGLAND, C.J., and ALDERMAN, J., dissent.
NOTES
[1] 827.04 Child abuse. 

(3) Any person who commits any act which thereby causes or tends to cause or encourage any person under the age of 18 years to become a delinquent or dependent child, as defined under the laws of Florida, or which contributes thereto, or any person who shall, by act, threats, commands, or persuasion, induce or endeavor to induce any person under the age of 18 years to do or to perform any act, to follow any course of conduct, or so to live, as would cause or tend to cause such person under the age of 18 years to become or to remain a dependent or delinquent child, as defined under the laws of this state, is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. It shall not be necessary for any court exercising juvenile jurisdiction to make an adjudication that any child is delinquent or dependent in order to prosecute a parent or any other person under this section. An adjudication that a child is delinquent or dependent shall not preclude a subsequent prosecution of a parent or any other person who contributes to the delinquency or dependency of the child.
[2] Living in open adultery.  Whoever lives in an open state of adultery shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Where either of the parties living in an open state of adultery is married, both parties so living shall be deemed to be guilty of the offense provided for in this section.
[3] Ch. 1637, subc. 8, § 8, Laws of Florida (1868).
[4] See State v. Lash, 16 N.J.L. 380 (N.J. 1838).
[5] The terms "dependent child" and "delinquent child" are defined in section 39.01, Florida Statutes (1977), as follows:

(8) "Dependent child" means a child who:
(a) Has been abandoned by his parents or other custodians.
(b) For any reason, is destitute or homeless.
(c) Has not proper parental support, maintenance, care, or guardianship.
(d) Because of the neglect of his parents or other custodians, is deprived of education as required by law, or of medical, psychiatric, psychological, or other care necessary for his well-being.
(e) Is living in a condition or environment such as to injure him or endanger his welfare.
(f) Is living in a home which, by reason of the neglect, cruelty, depravity, or other adverse condition of a parent or other person in whose care the child may be, is an unfit place for him.
(g) Is surrendered to the Department of Health and Rehabilitative Services or a licensed child-placing agency for purpose of adoption.
(h) Has persistently run away from his parents or legal guardian.
(i) Being subject to compulsory school attendance, is habitually truant from school.
.....
(10) "Delinquent child" means a child who commits a violation of law, regardless of where the violation occurs, except a child who commits a juvenile traffic offense and whose case has not been transferred to the circuit court by the court having jurisdiction.
[6] Fornication.  If any man commits fornication with a woman, each of them shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.