449 So.2d 941 (1984)
John Bernard BRODUS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2745.
District Court of Appeal of Florida, Second District.
May 2, 1984.
*942 Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm defendant's conviction and probation sentence for possession of marijuana, a violation of section 893.13(1), (3), Florida Statutes (1981), except in the following respect.
One of the conditions of probation, condition 12, was that defendant "must not live with [a] member of [the] opposite sex that is not [a] relative unless written permission from the probation officer [is given]." Tests for the invalidity of a probation condition were stated in Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979), as follows:
[T]he constitutional rights of probationers are limited by conditions of probation which are desirable for the purpose of rehabilitation... . In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
We strike the condition of probation because it falls within the foregoing criteria. The reasons why it is within criteria (1) and (3) seem evident.
As to criterion (2), the condition appears to relate to "conduct which is not in itself criminal." Id. This court previously struck as overbroad a probation condition which prohibited the probationer from living with a member of the opposite sex unless married. Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977). Mays remanded for modification of the condition to allow the probationer to live with a female relative. By permitting the condition to prohibit probationer from living with a member of the opposite sex who is not a relative, Mays may appear to constitute support for the type of condition involved here. However, the fornication statute, section 798.03, Florida Statutes (1975), on which the Mays court relied in permitting the prohibition against living with a nonrelative member of the opposite sex, was declared unconstitutional two years later in Purvis v. State, 377 So.2d 674 (Fla. 1979).[1] Also, the condition does not permit a so-called "innocent roommate" situation in which two or more share a house and split the rent. Therefore, the condition of probation in the instant case relates to noncriminal conduct.
Accordingly, the probation condition in this case is invalid under the Rodriguez criteria. We remand for condition 12 to be stricken.
REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
DANAHY, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Purvis found that section 798.03, Florida Statutes (1977), violated the constitutional equal protection guarantee by creating a gender-based classification which was not "substantially related to the achievement of an important governmental objective." Id. at 676. The 1977 statute was the same as the 1975 statute on which the Mays court relied.