WENTWORTH, Judge.
In this appeal from a conviction upon a nolo plea to a charge of carrying a concealed weapon, appellant challenges a condition of his one year probation which directs him to “legalize your living arrangements within ten days or move.” Although the judge’s oral comments at the sentencing hearing were more broadly phrased,[1] we construe the challenged condition as merely requiring that appellant abide by the law and not violate Chapter 798, Florida Statutes.[2] As so construed, we affirm the order appealed,
MILLS and BARFIELD, JJ., concur.

. At sentencing the trial judge was advised that appellant is unmarried and resides with the mother of two of his children. The judge suggested to appellant that he should either "get married or you find another residence.” Courts have generally invalidated probationary conditions which preclude an unmarried male from living with an unrelated female, or living with a member of the opposite sex unless married, or engaging in extramarital sex. See e.g., Wilkinson v. State, 388 So.2d 1322 (Fla. 5th DCA 1980); Wiggins v. State, 386 So.2d 46 (Fla. 4th DCA 1980); Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977). Requiring a probationer to marry the mother of his child has also been disapproved. See Michalow v. State, 362 So.2d 456 (Fla. 4th DCA 1978).

. Section 798.01 prohibits living "in an open state of adultery." Section 798.02 prohibits a man and woman not married to each other from "lewdly and lasciviously” associating and cohabiting together.