DANAHY, Judge.
In this appeal, the appellant, Charles Em-mons, contends (1) that a flare gun is not a “firearm” within the meaning of the Florida criminal statutes; (2) that his double jeopardy rights were violated by his convictions for armed robbery as well as for possession of a firearm during the commission of the same robbery; and (3) that he received an illegal sentence for a third-degree felony conviction. He is incorrect on the first point but correct on the last two points. Thus, we affirm in part and reverse in part.
The following facts, which were found at the nonjury trial, support the appellant’s convictions. On January 25, 1987, as the victim left a bar to go to his car, the appellant, brandishing a flare gun or launcher, approached him. The appellant demanded and received the victim’s wallet from which he took all the money, then fled the scene. The victim returned to the bar where the bartender called the police. A BOLO was dispatched and an officer apprehended the appellant shortly thereafter near the appellant’s home. The victim identified the appellant in a showup at the scene. When the arresting officer searched the appellant, he found an empty flare gun hidden beneath the appellant’s clothing. The trial court found the appellant guilty as charged and sentenced him on all four counts: eight years on Count I, armed robbery in violation of section 812.-13, Florida Statutes (1985); eight years on Count II, carrying a concealed firearm in violation of section 790.01; eight years on Count III, possession of a firearm by a convicted felon in violation of section 790.-23; and eight years on Count IV, possession of a firearm during a felony in violation of section 790.07. The appellant timely appealed his convictions and sentences.
The appellant claims that since the item he used during the commission of these crimes cannot be considered a “firearm,” he cannot be convicted of these crimes. In support, he cites to several cases from foreign jurisdictions. We reject his argument based on a plain reading of the pertinent statute:
790.001 Definitions.—
(6) “Firearm” means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term “firearm” does not include an antique firearm unless the antique firearm is used in the *71 commission of a riot; the inciting or encouraging of a riot; or the commission of a murder, an armed robbery, an aggravated assault, an aggravated battery, a burglary, an aircraft piracy, a kidnapping, or a sexual battery.
The testimony at the appellant’s trial squarely put his flare gun into this category because it is designed to and was actually capable of expelling a projectile by means of an explosive device as its test firing showed. Thus, the trial court did not err in finding that the flare gun was a “firearm” for criminal purposes. We, therefore, affirm the armed robbery conviction, the conviction for carrying a concealed firearm, and the conviction for possession of a firearm by a convicted felon.
We cannot, however, affirm the conviction for the last count, possession of a firearm during the commission of a felony, even though we agree with the trial court’s finding that the flare gun used here is a firearm. In light of the recent supreme court case of Hall v. State, 517 So.2d 678 (Fla.1988), which dealt with the same two crimes, dual convictions for an armed robbery as well as possession of a firearm during the commission of the same robbery cannot stand because of “double jeopardy” protections.[1] Accordingly, we reverse this conviction only.
Finally, the appellant correctly contends that his eight-year sentence for carrying a concealed firearm (Count II) is beyond the statutory maximum for this third degree felony. § 790.01(2), Fla.Stat. (1985). We thus vacate the sentence for this conviction and remand for imposition of the maximum statutory sentence of five years. § 775.082(3)(d), Fla.Stat. (1985).
The convictions for Counts I, II, and III are affirmed; the conviction for Count IV is reversed. The sentences for Counts I and III are affirmed, but the sentence for Count II is reversed and the cause is remanded for proceedings in accordance with this opinion.
CAMPBELL, C.J., concurs.
ALTENBERND, J., concurs with opinion.

. Because Hall controls, we phrase our holding on this issue in terms of “double jeopardy" although we note that the appellant and the defendant in Hall each had but one trial on the charges as well as but one sentencing, thus each only was but once “put in jeopardy.” The term "double jeopardy” appears to be a misnomer when applied to an issue, as here, where there was a single trial with multiple convictions. It seems to us that a more appropriate analysis would result were we to maintain our focus on plain “legislative intent” as perceived by the courts when construing criminal statutes. The legislature has the power to delineate an act or acts during a criminal episode as any number of crimes. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); see, e.g., § 775.021(4), Fla.Stat. (Supp.1988). As long as the elements of the greater crime subsume the elements of the lesser, and the statutes prohibiting them both address the same evil, it is unreasonable to conclude that the legislature intended dual convictions. Carawan v. State, 515 So.2d 161 (FIa.1987). The same evil addressed by the statutes at issue in the instant case is the possession of a firearm while engaged in criminal behavior. Cf. Simms v. State, 538 So.2d 549 (Fla. 3d DCA 1989) (different evils addressed in statutes prohibiting armed robbery and possession of short-barreled shotgun; therefore dual convictions proper).
We emphasize that we are dealing here with cases that in no wise present a "former (double) jeopardy” issue. The United States Supreme Court case of Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Bd. 872 (1873), which prohibited sequential punishments for one conviction, is a good example of a pure double jeopardy issue because it dealt with a second sentencing imposing a second punishment after the defendant had already been convicted of one crime, had been sentenced and had partially satisfied the terms of the first sentence. Lange itself noted that it was skirting the issue of legislative intent to allow multiple convictions in one trial setting for the same act (and its holding was not directed to this issue):
If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offense, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court on the same facts, for the same statutory offense.
Lange, 85 U.S. at 168, 21 L.Ed. at 876. Missouri v. Hunter has subsequently answered that "nice” question and has provided the correct nomenclature for our issue.