PER CURIAM.
In the present case appellant Jessie Kelly was placed on probation (adjudication withheld) for both purchase and possession of the same quantity of cocaine. §§ 893.-13(1)(a)(1) and (1)(f), Fla. Stat. (1987). Accordingly the lesser charge must be vacated. See Lewis v. State, 545 So.2d 427 (Fla. 2d DCA 1989).
We further find that appellant, an indigent, was assessed costs without prior notice or the ability to be heard. Accordingly this provision is stricken without prejudice to the state to seek reassessment after proper notice. Jenkins v. State, 444 So.2d 947 (Fla.1984).
Finally, we strike the special condition of appellant’s probation that he “not live with [a] member of [the] opposite sex that is not a relative,” on the authority of Brodus v. State, 449 So.2d 941 (Fla. 2d DCA 1984). The state suggests appellant has failed to preserve this issue for appellate review, since he did not “forthrightly object” that “the conditions lade him with burdens too grievous to be borne.” Bentley v. State, 411 So.2d 1361, 1364 (Fla. 5th DCA), rev. denied, 419 So.2d 1195 (1982). However, this particular condition was not announced orally at the sentencing hearing, but was merely included in the written order prepared by the trial court. “It is axiomatic that [appellant] could not object to something he did not know was being imposed.” Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987). The order of probation is otherwise affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
DANAHY, A.C.J., and HALL and PATTERSON, JJ., concur.