HALL, Judge.
Peter Garcia appeals from his judgment and sentence for sale and possession of cocaine and possession of marijuana.
The appellant was charged by information with one count of sale of cocaine, two counts of possession of cocaine and one count of possession of marijuana. Counts I and II, sale and possession of cocaine, arose from the sale of the same cocaine. The appellant argues that convictions for both sale and possession of cocaine for the same cocaine violate the principles of Carawan v. State, 515 So.2d 161 (Fla.1987). We agree. See Emmons v. State, 546 So.2d 69 (Fla. 2d DCA 1989); Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved, State v. Smith, 547 So.2d 613 (Fla.1989).
In reversing the appellant’s sentence, we note that the appellant’s offense occurred on May 13, 1988, prior to the July 1, 1988, effective date of section 775.021(4), Florida Statutes (Supp.1988). That section makes sale and delivery of a controlled substance and possession with intent to sell that same substance separate offenses. Williams v. State, 547 So.2d 710 (Fla. 2d DCA 1989).
Accordingly, the appellant's conviction for the lesser crime of possession of cocaine in Count II, must be vacated. State v. Barton, 523 So.2d 152 (Fla.1988). We remand this case so that the trial court may amend the judgment and resentence the appellant under a revised sentencing guidelines scoresheet.
Affirmed in part; reversed in part; remanded with directions.
DANAHY, A.C.J., and PATTERSON, J., concur.