556 So.2d 483 (1990)
Herman FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02526.
District Court of Appeal of Florida, Second District.
February 2, 1990.
*484 James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Herman Ford appeals his convictions and sentence for possession of cocaine and purchase of cocaine. We affirm in part, vacate in part, and remand.
Appellant argues that his convictions in May of 1988 for possession and purchase of cocaine were based upon the same quantity of cocaine and, therefore, are in violation of Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved by State v. Smith, 547 So.2d 613 (Fla. 1989), superceded by statute as stated in Garcia v. State, 552 So.2d 1177 (Fla. 2d DCA 1989). However, we are unable to consider this argument because appellant did not reserve the right to appeal this issue when he pleaded nolo contendere to both charges. Under section 924.06(3), Florida Statutes (1987), a defendant who pleads nolo contendere without making an express reservation of the right to appeal shall have no right to direct appeal, but must obtain review by means of collateral attack. See also Wells v. State, 390 So.2d 808 (Fla. 5th DCA 1980). We therefore affirm without prejudice to appellant to raise this issue by collateral review.
Appellant is correct that the trial court erred in imposing $240.00 in court costs without prior notice and without conducting a hearing. Court costs cannot be assessed against a defendant without first providing adequate notice to the defendant and then making a judicial determination that the defendant has the ability to pay. It is fundamental error for a court to impose costs without complying with these procedural due process requirements. Wood v. State, 544 So.2d 1004 (Fla. 1989). Accordingly, we vacate that portion of the judgment which imposes court costs and remand for further proceedings on this issue.
Lastly, we find merit in one of appellant's challenges to certain community control conditions. Appellant argues that the community control condition which forbids him from living with a member of the opposite sex who is not a relative without written permission is invalid, and we agree. In Brodus v. State, 449 So.2d 941 (Fla. 2d DCA 1984), this court struck a similar condition because it failed to be reasonably related to rehabilitation, had no relationship to the crime for which the defendant was convicted, was related to conduct which was not in itself criminal, and forbade conduct which was not reasonably related to future criminality. As was the appellant in Brodus, in this case appellant was convicted of drug crimes. The prohibition that he not live with a member of the opposite sex who is not a relative does not appear reasonably related to rehabilitation, has no relationship to his drug crimes, is related to conduct which is not in itself criminal and forbids conduct which is not reasonably related to future criminality. For those reasons, the condition is invalid. We therefore remand for this condition to be stricken from appellant's community control conditions.
Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion.
LEHAN and PATTERSON, JJ., concur.