VAN NORTWICK, Judge.
James Stephens appeals an order of probation, challenging as overbroad a condition of probation which prohibits him from residing with any female to whom he is not married or related. Because this condition of probation is not reasonably related to the crime for which Stephens was convicted, forbids conduct not reasonably related to future criminality, and is not reasonably related to conduct which is in itself criminal, we reverse.
In January 1992, Stephens pled no contest to indirect criminal contempt for violating an injunction which enjoined him from threatening, harassing, assaulting or harming his for *1304 mer girlfriend and from coming -within 100 yards of her residence or employment. He was adjudicated guilty and was fined. Approximately a year and a half later, Stephens again pled no contest to violating the same injunction. He was sentenced to probation for six months, with the condition that appellant have no contact with the former girlfriend.
In December 1993, Stephens was accused of violating this probation by following the victim and her daughter, by coming to her apartment, and by making threatening telephone calls. Stephens pled no contest to the probation violation and was sentenced to nine months in jail to be followed by a total of 18 months probation. In addition, the trial court ordered Stephens to obtain counseling and, as the tenth condition of probation, imposed the following special condition: “[Y]ou cannot live with a female unless married to her or related (mother or sister).”
“[T]he hidden epidemic of domestic violence,” Lawton Chiles, Taking Domestic Violence Seriously, 68 FlaJB.J. 20 (1994), is a serious public safety and criminal justice problem which requires the courts to use a full range of available resources and tools. See, Lynn Tepper, The Court’s Role in Ending Family Violence, 68 Fla.B.J. 30 (1994). Although we believe that trial courts may and should use conditions of probation to protect victims of domestic abuse from future violent acts, to prevent future abusive criminal conduct, and to assist in rehabilitation, we agree that the special condition imposed here is invalidly broad.
The United States Supreme Court has recognized that “the freedom to enter into and carry on certain intimate or private relationships is a fundamental element of liberty protected by the Bill of Rights” and that “[t]he First Amendment protects those relationships, including family relationships, that presuppose ‘deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences and beliefs but also distinctively personal aspects of one’s life.’ ” Board of Directors of Rotary Int’l v. Rotary Club of Duarte, 481 U.S. 537, 545, 107 S.Ct. 1940, 1945, 95 L.Ed.2d 474 (1987), quoting Roberts v. United States Jaycees, 468 U.S. 609, 619-620,104 S.Ct. 3244, 3250-3251, 82 L.Ed.2d 462 (1984). Nevertheless, the Florida Supreme Court has determined that the “constitutional rights of probationers are limited by conditions of probation which are desirable for purposes of rehabilitation,” Biller v. State, 618 So.2d 734 (Fla.1993), and that “[a] trial court has the authority to impose any valid condition of probation which would serve a useful rehabilitative purpose.” Hines v. State, 358 So.2d 183, 185 (Fla.1978). Thus, trial courts have broad discretion to impose various conditions of probation, but a condition of probation cannot be imposed if it is not reasonably related to rehabilitation. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Coulson v. State, 342 So.2d 1042, 1043 (Fla. 4th DCA 1977).
The court in Biller ruled that, in determining whether a condition of probation is reasonably related to rehabilitation, a condition is invalid “if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.” Biller, 618 So.2d at 734—735, quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979). The Biller court made it clear that all Rodriguez factors must be present to hold a special probation condition invalid when it stated that “a special condition of probation, when challenged on grounds of relevancy, will only be upheld if the record supports at least one of the circumstances outlined in Rodriguez.” Biller, 618 So.2d at 735 (emphasis added).
We conclude that the special condition of probation imposed below meets all three Biller criteria and is, therefore, invalid. Biller, id.; Brodus v. State, 449 So.2d 941 (Fla. 2d DCA 1984). In Brodus, the court struck a condition of probation which provid *1305 ed that the defendant “must not live with [a] member of [the] opposite sex that is not [a] relative_” 449 So.2d at 942. The Brodus court found that this probation condition was invalid under all three Rodriguez criteria. Admittedly, the instant case appears distinguishable from Brodus, since the defendant in Brodus had been placed on probation following a conviction for possession of marijuana, a crime totally unrelated to the probation condition. However, any connection between the condition of probation here and Stephens’ domestic violence criminal offenses is merely superficial. The record here reflects that, since 1992, Stephens’ criminal acts towards his girlfriend have occurred when they were not living together. Thus, there is no evidence to establish that his violent behavior is related to his cohabitation with the victim. Because cohabitation with a female is not rationally related to his criminal conduct, the condition prohibiting cohabitation is an overly broad special condition of probation under the first Biller criteria. Similarly, the condition of probation at issue also is not reasonably related to future criminality under the third Biller criteria.
As to the second Biller criteria, the condition of probation imposed below clearly covers conduct which is not necessarily in itself criminal. Living with a member of the opposite sex with whom one is not married or related by blood or marriage does not necessarily constitute a violation of the law. Brodus, 449 So.2d at 942; Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977). In addition, as worded, the challenged condition cannot be viewed as simply a requirement that appellant is to abide by the law,[1] because it also prohibits the so-called “innocent roommate” situation discussed in Brodus. Id. Compare, Miller v. State, 520 So.2d 80 (Fla. 1st DCA 1988).
Accordingly, the special condition imposed below as the tenth condition of probation is invalid under Biller. We REVERSE and REMAND with the instruction that the order of probation be amended in accordance with this opinion.
MICKLE, J., concurs.
WEBSTER, J., concurs in result.

. Section 798.02, Florida Statutes (1993), prohibits any man and woman, who are not married to each other, from "lewdly and lasciviously” associating and cohabitating with each other.