MARSTILLER, J.
Michael J. Austin (“Appellant”) appeals his conviction and probationary sentence for violating section 847.0133, Florida Statutes (2009), which makes it a third-degree felony to “knowingly sell, rent, loan, give away, distribute, transmit, or show any obscene material to a minor.”[1] Citing Pope v. Illinois, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), Appellant asserts the trial court should have modified the jury instruction on obscenity to include a “reasonable person” standard. He also contends the court abused its discretion by proscribing alcohol consumption as a special condition of probation. We affirm Appellant’s conviction and sentence for the reasons that follow.

I. Jury Instruction

At Appellant’s trial, the State presented evidence that Appellant showed a minor several movies in which fully or partially nude adults were engaging in sex acts. In giving the instruction on what is “obscene”[2] material, the trial court told the jury it must find that:
a.The average person applying the contemporary community standards of Santa Rosa County, Florida, would find that the material taken as a whole appeals to the prurient interest.
b. The material depicts or describes sexual conduct in a patently offensive way.
c. The material, taken as a whole, lacks serious literary, artistic, political or scientific value.
The instruction tracks the language in Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), setting out the three-pronged test for obscenity:
The basic guidelines for the trier of fact must be: (a) whether ‘the average person, applying contemporary community standards’ would find that the work, taken as a whole appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.
(Citations omitted). Appellant does not contend that the court’s instruction violates Miller. He posits instead that the Supreme Court in Pope v. Illinois, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), modified Miller by adding a reasonable person standard to the third prong of the Miller test. Thus, he argues, omission of the standard from the jury instruction given at his trial rendered the instruction unconstitutional.
Indeed, the Court in Pope stated that “[t]he proper inquiry is not whether an ordinary member of any given community *405 would find serious literary, artistic, political, or scientific value in allegedly obscene material, but whether a reasonable person would find such value in the material, taken as a whole.” 481 U.S. at 500-501, 107 S.Ct. 1918. But we disagree with Appellant that this statement modified Miller.
The jury instruction at issue in Pope specifically applied community standards to all three parts of the Miller test. Holding the instruction incorrect and unconstitutional under Miller, the Court in Pope explained:
There is no suggestion in our cases that the question of the value of an allegedly obscene work is to be determined by reference to community standards. Indeed, our cases are to the contrary. Smith v. United States, 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977), held that, in a federal prosecution for mailing obscene materials, the first and second prongs of the Miller test-appeal to prurient interest and patent offensiveness-are issues of fact for the jury to determine applying contemporary community standards. The Court then observed that, unlike prurient appeal and patent offensiveness, “[ljiterary, artistic, political, or scientific value ... is not discussed in Miller in terms of contemporary community standards.” Id., 431 U.S. at 301, 97 S.Ct., at 1763 (citing F. Schauer, The Law of Obscenity 123-124 (1976)). This comment was not meant to point out an oversight in the Miller opinion, but to call attention to and approve a deliberate choice.
In Miller itself, the Court was careful to point out that “[t]he First Amendment protects works which, taken as a whole have serious literary, artistic, political, or scientific value, regardless of whether the government or a majority of the people approve of the ideas these works represent.” 413 U.S., at 34, 93 S.Ct., at 2620.
481 U.S. at 500, 107 S.Ct. 1918 (emphasis added). We conclude from these passages that Miller “deliberately],” though implicitly, employs the objective reasonable person standard in the third prong of the obscenity test, and that Pope clarified, but did not modify, the Court’s earlier decision.
Moreover, we discern nothing in Pope requiring a court to include the reasonable person standard when instructing jurors on the value prong of the obscenity test. Rather, the Court suggests that “[i]n an obscenity prosecution the trial court, in its discretion, could instruct the jury to decide the value question by considering whether a reasonable person would find serious literary, artistic, political, or scientific value in the work, taken as a whole.” 481 U.S. at 501 n. 3, 107 S.Ct. 1918. Accord State v. Anderson, 322 N.C. 22, 366 S.E.2d 459, 471 (1988) (recognizing that “the literary, artistic, political, or scientific value of material is to be determined based upon whether a ‘reasonable person’ would find such value in the material, taken as a whole,” but that the Supreme Court in Pope “has indicated that the decision in a particular case as to whether to instruct the jury to apply the reasonable person test in this regard is a matter in the discretion of the trial court.”). Appellant presents no other authority — and we have found none — mandating that the reasonable person standard be made part of a jury instruction on obscenity.[3]
*406 Unlike Pope, where the trial court incorrectly applied community standards to part three of the Miller test, the court in Appellant’s case correctly instructed jurors to apply contemporary community standards only to the prurient interest and patent offensiveness prongs of the test. As to the value prong, the court did not refer to community standards in explaining to jurors what to consider in determining whether the movies Appellant showed a minor had literary, artistic, political or scientific value. The trial court’s decision not to add the reasonable person standard to the obscenity instruction was neither a constitutional violation nor an abuse of discretion.

II. Special Condition of Probation

The trial court sentenced Appellant to 48 months’ probation and imposed, as a special condition, a requirement that Appellant “abstain entirely from the use or possession of alcohol” during the probationary period. Appellant argues the condition should be stricken because it is not reasonably related to his crime.
Trial courts have broad discretion to impose conditions of probation, but special conditions must be reasonably related to rehabilitation. See Stephens v. State, 659 So.2d 1303, 1304 (Fla. 1st DCA 1995). Biller v. State, 618 So.2d 734, (Fla.1993), held that a special probation condition “ ‘is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality,”’ (quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979)). Id. at 734-35. All three Rodriguez factors must exist for an appellate court to strike a special probation condition as an abuse of discretion. Stephens, 659 So.2d at 1304.
In Biller, the supreme court struck a condition prohibiting the petitioner from using or possessing alcohol while on probation for carrying a concealed firearm and carrying a concealed weapon. 618 So.2d at 735. The court reasoned there was no connection between alcohol use and the petitioner’s crimes, alcohol use by adults is legal, and “there was nothing in the record, such as information in a presentence investigation report, which would suggest that Biller has a propensity towards alcohol or that his judgment becomes impaired as a consequence of using it.” Id. In the instant case, two of the Rodriguez factors clearly are met: nothing in the record connects Appellant’s alcohol use to the crime he was convicted of, and it is legal for Appellant, who is an adult, to use alcohol. But unlike Biller, the record here contains information indicating Appellant’s “propensity towards alcohol.” Specifically, the presentence investigation report (“PSI”) reveals that in Arkansas in 2005, Appellant was found guilty and convicted of DUI. He failed to complete court-ordered substance abuse treatment. The following year, Appellant was arrested in Pensacola for DUI, pled to the lesser-included offense of reckless driving, and was ordered to attend first offender DUI school and receive substance abuse treatment. Further, the report states that Appellant admitted having used alcohol “to mask things that bothered him.” Under the reasoning in Biller, the information in the PSI suffices to negate the third Rodri *407 guez factor. Therefore, the trial court did not abuse its discretion by prohibiting Appellant from consuming or possessing alcohol as a special condition of probation.
AFFIRMED.
BENTON, C.J., Concurs With Opinion; CLARK, J., Concurs in Result Only.

. A jury acquitted Appellant of a second charge, lewd or lascivious conduct.

. Section 847.0133, Florida Statutes, incorporates the definition of "obscene” found in section 847.001(10), Florida Statutes.
"Obscene” means the status of material which:
(a) The average person, applying contemporary standards, would find, taken as a whole, appeals to the prurient interest;
(b) Depicts or describes, in a patently offensive way, sexual conduct as specifically defined herein; and
(c) Taken as a whole, lacks serious literary, artistic, political, or scientific value.

. Our decision in Haggerty v. State, 531 So.2d 364 (Fla. 1st DCA 1988), as Appellant recognizes, is inapposite to the instant case. There the appellant asserted that section 847.001(7), Florida Statutes (1987), defining "obscene,” was facially unconstitutional because it did not expressly apply "contemporary community standards” to the first two prongs of the *406 Miller test or the reasonable person standard to the third prong. (Section 847.001(7) was renumbered to section 847.001(10), without substantive change, effective July 1, 2001. See ch. 2001-177, § 1, Laws of Fla.) We concluded that because the trial court articulated both standards when instructing the jury, the appellant could not claim violation of his constitutional rights. Haggerty, 531 So.2d at 366.