NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICARDO ANDRES PULECIO,                    )
                                           )
            Appellant,                     )
                                           )
v.                                         )        Case No. 2D13-2157
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
_____)

Opinion filed April 8, 2015.

Appeal from the Circuit Court for
Hillsborough County; Steven Scott
Stephens, Judge.

Howard L. Dimmig, II, Public Defender, and
Lisa B. Lott, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jessica Stephans,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

        Ricardo Andres Pulecio appeals the order extending and modifying his

probation. We affirm the extension of Pulecio's probation without comment but reverse

the order insofar as it imposes the special condition that "[s]elf-employment does not

satisfy the employment requirement" and remand with instructions to strike the special condition.

Pulecio has been on probation for trafficking in cocaine since 2009. Whether or not he has met the employment condition of his probation has been disputed over the course of his supervision. See § 948.03(1)(c), Florida Statutes (2012) (providing that a trial court may require a probationer to "[w]ork faithfully at suitable employment insofar as may be possible"). Recently, Pulecio became self-employed as a computer repair technician. However, the State has had difficulty verifying Pulecio's employment and that his curfew violations were work related. Eventually, Pulecio violated his probation by committing a new offense. The court extended Pulecio's probation and, at the State's request, added a special condition that "[s]elf-employment does not satisfy the employment requirement." As described by the trial court, this condition did not prohibit Pulecio from being self-employed—instead, it required him to seek another form of employment in order to satisfy the general employment requirement.

Pulecio claims the special condition is not reasonably related to rehabilitation and should be stricken. We agree. "[T]he constitutional rights of probationers are limited by conditions of probation which are desirable for the purposes of rehabilitation." Rodriguez v. State, 378 So. 2d 7, 9 (Fla. 2d DCA 1979). Therefore, trial courts have broad discretion in imposing conditions of probation, "but a special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation." Id. "[A] condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal,

and (3) requires or forbids conduct which is not reasonably related to future criminality." Id. "All three Rodriguez factors must exist for an appellate court to strike a special probation condition as an abuse of discretion." Austin v. State, 67 So. 3d 403, 406 (Fla. 1st DCA 2011). However, a special condition of probation will be upheld if one of the factors outlined in Rodriguez exists. Biller v. State, 618 So. 2d 734, 735 (Fla. 1993).

Here, there is no dispute as to the first two factors: the condition neither relates to the crime for which Pulecio was convicted, nor does it relate to conduct that is itself criminal. The State's arguments focus on the third factor.

First, the State contends that the special condition is justified because the State has had difficulty monitoring Pulecio in the past. However, such difficulties are not a factor to be considered under Rodriguez. See 378 So. 2d at 9; see also Hussey v. State, 504 So. 2d 796, 797 (Fla. 2d DCA 1987) (holding special condition prohibiting probationer from engaging in carnival work invalid where State argued that the transient nature of carnival work was incompatible with the concept of community control).

Next, the State argues that the condition is reasonably related to future criminality because the State needs to ensure that Pulecio is deriving his income from legal sources. While the State does have an interest in requiring Pulecio to "[w]ork faithfully at suitable employment insofar as may be possible," § 948.03(1)(c), a trial court may not impose a special condition that is overbroad, see Rodriguez, 378 So. 2d at 9 n.3; Mays v. State, 349 So. 2d 792, 793-94 (Fla. 2d DCA 1977). Here, the actual effect of the condition is that Pulecio may still work for himself but must seek additional employment to satisfy the general employment condition of his probation. Such a restriction is not "reasonably related to future criminality." Rodriguez, 378 So. 2d at 9.

Accordingly, we hold that the special condition regarding self-employment is invalid and remand to the trial court with instructions to strike the condition. The extension of Pulecio's probation is otherwise affirmed.

Affirmed in part, reversed in part, and remanded.


NORTHCUTT, J., Concurs.
ALTENBERND, J., Concurs with opinion.




ALTENBERND, Judge, Concurring.

I concur in this decision because the result seems mandated by Rodriguez, which the Supreme Court of Florida approved in Biller v. State, 618 So. 2d 734 (Fla. 1993), while explaining the difference between the imposition of general conditions of probation that do not fall within the guidelines of Rodriguez from special conditions that do. That said, from this record, I am inclined to believe that the trial court could have articulated a reason why a prohibition of self-employment was reasonably related to the goal of rehabilitating Mr. Pulecio during his probation for the offense of trafficking in cocaine.

Rodriguez involved a woman convicted of aggravated child abuse who was given special conditions of probation prohibiting her from marrying or becoming pregnant while on probation. The restriction on self-employment in this case pales by comparison. The three factors identified in Rodriguez were sufficient to resolve that case, but I question whether those factors are exclusive of other factors. The First

District, in <u>Stephens v. State</u>, 659 So. 2d 1303, 1304 (Fla. 1st DCA 1995) (citing <u>Hines v. State</u>, 358 So. 2d 183, 185 (Fla. 1978)), pointed out that the supreme court has also held that a court may impose "any valid condition of probation which would serve a useful rehabilitative purpose."

In this case, a prohibition of self-employment may not fit within the three <u>Rodriguez</u> factors, but it would greatly increase the stability of Mr. Pulecio's life and assure that he had a far greater chance of satisfying the normal, general conditions of probation during his ten-year term of probation. In other words, the record suggests that Mr. Pulecio is very likely to violate his conditions of probation and end up in prison if he has the unstructured life provided by self-employment. Thus, in my view, the trial court ought to be able to justify this special condition as one that serves "a useful rehabilitative purpose," even though it flunks the <u>Rodriguez</u> test.