ALTENBERND, Judge,
Concurring.
I concur in this decision because the result seems mandated by Rodriguez, which the Supreme Court of Florida approved in Biller v. State, 618 So.2d 734 (Fla.1993), while explaining the difference between the imposition of general conditions of probation that do not fall within the guidelines of Rodriguez from special conditions that do. That said, from this record, I am inclined to believe that the trial court could have articulated a reason why a prohibition of self-employment was reasonably related to the goal of rehabilitating Mr. Pulecio during his probation for the offense of trafficking in cocaine.
Rodriguez involved a woman convicted of aggravated child abuse who was given special conditions of probation prohibiting her from marrying or becoming pregnant while on probation. The restriction on self-employment in this case pales by comparison. The three factors identified in Rodriguez were sufficient to resolve that case, but I question whether those factors are exclusive of other factors. The First District, in Stephens v. State, 659 So.2d 1303, 1304 (Fla. 1st DCA 1995) (citing Hines v. State, 358 So.2d 183, 185 (Fla.1978)), pointed out that the supreme court has also held that a court may impose “any valid condition of probation which would serve a useful rehabilitative purpose.”
In this case, a prohibition of self-employment may not fit within the three Rodriguez factors, but it would greatly increase the stability of Mr. Pulecio’s life and assure that he had a far greater chance of *559 satisfying the normal, general conditions of probation during his ten-year term of probation. In other words, the record suggests that Mr. Pulecio is very likely to violate his conditions of probation and end up in prison if he has the unstructured life provided by self-employment. Thus, in my view, the trial court ought to be able to justify this special condition as one that serves “a useful rehabilitative purpose,” even though it flunks the Rodriguez test.